PER CURIAM.
On September 28, 1971, defendant pleaded guilty in the district court to a charge of theft of an automobile, valued in excess of $100.00, and was sentenced to three years at hard labor. La.R.S. 14:67. He was represented by appointed counsel. At the same time another theft charge pending against defendant was nolle prossed. He appeals this conviction.
A plea of guilty waives all defects prior to that plea except those jurisdictional defects which appear on the face of the pleadings and proceedings. State v. Coats, 260 La. 64, 255 So.2d 75 (1971). We have reviewed the pleadings and proceedings for discoverable error, La.C.Cr.P. Art. 920(2), and find none.
Defendant argues that his guilty plea was not knowing and voluntary because he did not realize that the intention to deprive permanently the owner of the-thing taken is an essential element ,of theft, and the trial court should not have accepted the guilty plea when the defendant did not freely admit that he intended to permanently deprive the owner of the thing taken. This is neither a jurisdictional defect nor an error discoverable by an inspection of the pleadings and proceedings. Nevertheless, having examined the transcript of the Boykin examination, we are satisfied that the trial court did not err in accepting petitioner’s guilty plea. All of petitioner’s rights were explained to him and expressly waived by him. The trial court explained in detail the elements of the charge, and the possible penalty therefor, and defendant continued to advise the court that he wanted to plead guilty to the one theft charge. See North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
The conviction and sentence are affirmed.
SUMMERS, J., concurs in the decree only.
BARHAM, J., dissents and assigns reasons.