BARHAM, Justice.
The defendant was convicted, upon his plea of guilty, of attempted simple burglary and was sentenced to three years’ imprisonment. He now appeals his conviction and sentence.
Initially, defendant was charged in a bill of information with simple burglary. He was arraigned and entered a plea of not guilty. The bill of information was subsequently amended with the court’s permission to charge attempted simple burglary, pursuant to defendant’s agreement to enter a guilty plea to the lesser offense.
Defendant did not reserve or perfect any bills of exceptions but complains that his guilty plea should not have been accepted by the trial court because his testimony on voir dire indicated affirmatively that his *558 admitted acts did not constitute the commission of the offense. Defendant disclaimed that he entered the structure with the intent to commit a felony or theft, stating that he entered because he was drunk and couldn’t go on.
Although a defendant may appeal from a conviction and sentence based on a guilty plea (see State v. Coats, 260 La. 64, 255 So.2d 75 (1971)) this Court can only review the pleadings and proceedings for discoverable error where no bills of exceptions are reserved and perfected. C.Cr.P. Art. 920. In State v. Allen, 263 La. 123, 267 So.2d 544 (1972), a defendant who had entered a guilty plea and was appealing with no perfected bills of exceptions raised a similar complaint that his plea lacked the requisite knowledge to support a valid plea of guilty. The majority of this Court held that such complaint did not constitute a jurisdictional defect nor an error discoverable from an examination of the pleadings and proceedings.[1]
While defendant’s complaint may have some merit in terms of the voluntary and intelligent nature of his guilty plea, the complaint cannot receive proper review on the record before us on appeal. The defendant here was meticulously Boykin-ized, but the trial court did not relate to him the necessary elements of the crime to which he was pleading. However, this case involves a plea bargain, and defendant may validly have entered a guilty plea, guilty or not,, because of other considerations. The U. S. Supreme Court case of North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) approves acceptance of a guilty plea even when defendant’s statements appear to protest his innocence, provided that the record before the trial judge contains strong evidence of actual guilt. In this state, however, there is normally no established procedure for placing the state’s evidence in the record, as is done in some other jurisdictions.
The applicability in state proceedings of the Rule 11 (Federal Rules of Criminal Procedure) requirement that a judge in federal court address the defendant personally and determine that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea before he accepts such a plea must be pretermitted on this inadequate record on appeal. The state notes, in its brief, that it is unaware of any cases which have made this aspect of Rule 11 binding on the states.[2]
There are no reversable errors discoverable from a review of the pleadings and proceedings. The conviction and sentence are affirmed.
SUMMERS, J., concurs in result.

. The writer of this opinion dissented in that case. However, the facts of the.two cases are very different. In the Allen case the plea was not bargained, the trial judge attempted to determine defendant’s actual guilt and the defendant’s response to the court’s inquiry negated his guilt. The totality of this was shown in the plea colloquy which was a part of the minutes and, therefore, part of the proceedings before us on review.

. The State’s brief notes that the U. S. Supreme Court recommended such a procedure in a footnote in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and that this footnote was approvingly quoted in State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). However, the State opines correctly that this does not appear as a holding in Jackson.