552 So.2d 994 (1989)
STATE of Louisiana
v.
Anthony ROBINSON.
No. KA-8990.
Court of Appeal of Louisiana, Fourth Circuit.
November 9, 1989.
Rehearing Denied December 13, 1989.
*995 Harry F. Connick, Dist. Atty., R. Jeffrey Bridger, Asst. Dist. Atty., New Orleans, for plaintiff/appellee.
Dwight Doskey, Orleans Indigent Defendant Program, New Orleans, for defendant/appellant.
Before GARRISON, BARRY and KLEES, JJ.
BARRY, Judge.
On June 2, 1989 we remanded this matter to the trial court for a status hearing to clarify several conflicting matters in the record. We have reviewed the transcript of the hearing and the trial court's Per Curiam.
In bill of information # 316-1721 the defendant was charged with distribution of a substance falsely represented to be a controlled dangerous substance, La.R.S. 40:971.1. The defendant was also charged in bill of information # 316-1531 with possession of marijuana, La.R.S. 40:966. At a preliminary hearing the trial court found no probable cause on the distribution charge by erroneously concluding that the charge required proof that the defendant knew he was selling a substance that was not cocaine and there was no such evidence. That issue was not decided by the Supreme Court until State v. Pierre, 500 So.2d 382 (La.1987), which held that the criminal intent required by the statute is implicit in the word "represented" and the State proves the necessary intent by showing that the offender produced or distributed the substance which he represented to be a controlled dangerous substance.
On July 29, 1987 when the distribution charge had been set for trial, Asst. D.A. Williams informed the court:
Your Honor, in this matter case number 316-172, paperwork is currently under way. The state will enter a nolle prosequi in this charge and will direct bill the defendant Anthony Robinson with attempted distribution of cocaine which is a second class case and because of that the case will be ordered to be reallotted.
The possession of marijuana charge, # 316-1531, a misdemeanor, would follow the new felony charge to whatever section of court it was allotted. At the status hearing Asst. D.A. Offan, who was assigned to Section I and then worked in Section F from October, 1987January, 1988, testified that the case was re-screened and the decision made to charge the defendant with attempted distribution of cocaine. The new charge, # 322-178, was allotted to Section F and # 316-1531 was joined.
The State did not nolle prosequi the # 316-172I cocaine distribution charge. After the attempted cocaine distribution charge (# 322-178F) was filed on September 16, 1987, on October 8, 1987 defendant's counsel objected to the transfer and his motion to return the case to Section I was denied. The defendant then pleaded guilty in Section F to the lesser charge of distribution of bunk, # 316-1721, which was still pending even though the State had already charged the defendant (# 322-178) in Section F. The defendant also pleaded guilty to possession of marijuana (# 316-1531) and on the same day # 322-178F, the attempted distribution of cocaine charge, was nolle prosequied.
Incredibly, the docketmaster and minute entry indicate the State filed a multiple bill on October 9, 1987 based on # 316-1721, the charge which was to be dismissed due *996 to lack of evidence. The record does not contain a written bill of information, but the defendant pleaded guilty to the multiple bill. The defendant was sentenced to twenty months at hard labor on # 316-1721 and six months in Parish Prison on # 316-1531. That same day defense counsel filed a written motion for appeal and the trial court granted a Crosby appeal.
On March 9, 1988 the defendant filed in this Court a Motion to be Recognized as Counsel of Record (a similar motion at the trial court level was granted), a Motion for Oral Argument, and an Application for a Writ of Mandamus relative to eleven documents (a list was attached). Although the defendant used the proper appeal number on his motions, the requests were assigned a writ # 88-K-0459. On March 31, 1988 the defendant filed a Supplemental/Amending Notice of Appeal which was given the same writ number.
The defendant alleged that the District Attorney prosecuted him in # 322-178F without sufficient evidence, that the police were never told the substance he was selling was counterfeit cocaine, and there was no proof of a sale. He claimed four trial court errors:
1. Allowing police to lie about inconsistencies in their police reports;
2. Allowing police to hide informants;
3. In not compelling the prosecution to answer defendant's pro se pleadings (there were a number of pleadings filed by the defendant who was co-counsel);
4. Failing to comply with the plea bargain.
The defendant also complained that the State manipulated his conviction by illegally transferring the case from Section I to Section F, and he alleged due process violations. He pointed to a defective multiple bill (the record does not contain a written multiple bill), and he noted other matters which resulted in his guilty plea. He also alleged that his counsel was ineffective and he was forced to plea bargain. He complained that his appeal rights had been violated.
A panel expeditiously handled writ # 88-K-0459 in lieu of the motions being filed into the appellate record for consideration by our appeal panel. On May 11, 1988 the writ panel granted in part and denied in part the application. The trial court was ordered to furnish relator a copy of the hearing transcript; the requests for other documents were denied for failure to state a particularized need. His request to represent himself on appeal was denied, but he was told he could file a pro se supplemental brief alleging any claims he sought reviewed (relator had already filed a supplemental document although he did not argue articulately). The panel denied his numerous substantive claims as to trial court errors and violations of his rights because he had a Crosby appeal which would provide a review of the motion to suppress. The writ panel declared that he had waived his right to a direct appeal when he pleaded guilty.
Despite the obvious procedural flaws, when defense counsel filed a brief in September, 1988 the only assignment of error requested an errors patent review and a footnote stated that the motion to suppress had been properly denied. Obviously, defendant's pro se arguments should have been filed into his appeal record and referred to our panel.
We can now consider defendant's claims in light of the trial court's Per Curiam and the status hearing transcript.
Judge Wimberly, Section I, noted the appearance of impropriety by the State when the "transfer" to another section was made:
You have been in one court and the court hashas ruled against you, erroneously enough, the court has ruled against you. You then re-file to get it into another court and
Asst. D.A. Offan protested that the State did not re-file to get into another section of court. Remarkably, the Asst. D.A. admits she filed the greater charge even though it was shown at the motion to suppress hearing that the substance was not cocaine. The Asst. D.A. claimed it was happenstance that the case was allotted to another Section (there was a 10 to 1 chance that the *997 case would not be re-allotted to Judge Wimberly).
Judge Wimberly also noted that on the day Asst. D.A. Williams said he would nolle prosequi the distribution charge and go forward with the attempted distribution charge, the defendant was ready to waive the jury and go to trial in Section I. Asst. D.A. Williams confirmed that the defendant wanted to go to trial but the Asst. D.A. was hesitant. Since the trial judge said the statute required proof of intent which the State could not provide (he had found no probable cause at the preliminary hearing), it is clear why the State did not want to go to trial in Section I.
The State's position that the case was re-screened is beyond belief. At the status hearing Judge Wimberly scrutinized the State's intent (by filing a greater distribution of cocaine charge) when it already knew the contraband was not cocaine. The court asked: "But under the attempt to distribute cocaine charge, how could you file a charge like that knowing that the substance was not cocaine?" Incredibly, Asst. D.A. Offan responded with the classic statement that only one element was missingthe cocaine. Judge Wimberly accurately stated the question which perplexed this Court:
Now, the final question that the court has is again why was the expressed intention to nolle prosse [sic] the Section "I" case changed when the case got down to Section "F", and the new charge nolle prossed and the plea entered as to the Section "I" case, if the purpose of it was not to avoid this section of court, that is the question. I understand it's a question that smacks of suspicion, but the suspicion is there, the appearances are there,....
After the hearing Judge Wimberly concluded in his Per Curiam:
Although this Court is not appreciative of the manner in which this matter was handled by the District Attorney, it must nevertheless conclude that the actions taken by that office were neither illegal nor (in the absence of evidence that the failure to nolle prosequi No. 316-172-I was intentional or premeditated) contemptuous.
The Court also finds no indication that the rights of the defendant were infringed upon in any way or that his counsel was incompetent.
We cannot be so generous. The District Attorney's office intentionally misled the trial court. The decision to nolle prosequi the lesser charge (# 316-172I) appears to have been a deliberate move to have the charge re-allotted to another trial judge. After the bill of information was filed on the greater charge (# 322-178F) the lesser charge in Judge Wimberly's court was never dismissed. The defendant was facing a more serious charge of attempted distribution of cocaine (although the D.A. knew there was no cocaine) when he pleaded to the lesser charge of distribution of bunk (the State's original charge).
Howard McCurdy represented the defendant for the guilty plea in Section F and at the hearing ordered by this Court to look into the improper procedures, even though the defendant made serious allegations of ineffective assistance of counsel.
Mr. McCurdy had represented the defendant, had an obvious conflict of interest, and should not have represented the defendant at the status hearing.
The defendant's guilty plea is vacated and this matter remanded for further proceedings.
GUILTY PLEA VACATED; REMANDED.
KLEES, J., dissents with written reasons.
KLEES, Judge, dissenting.
The majority opinion attempts to expand or discover something more than the facts of this case warrant. The sole issue in this appeal as briefed by defense counsel and defendant pro se is a review of the ruling on the denial of the defendant's motion to suppress. The evidence in this record supports the trial court's denial of the motion *998 to suppress. Defendant's conviction and sentence should be affirmed.