WICKER, Judge.
The defendant, Duncan Boudreaux, was charged by bill of information with one count of molestation of a juvenile (La.R.S. 14:81.2) and one count of carnal knowledge of a juvenile (La.R.S. 14:80). In a separate bill of information previously filed, the defendant was charged with aggravated crime against nature (La.R.S. 14:89.1) involving the same victim. The defendant was arraigned on April 26, 1989 and he pled not guilty to both charges. On July 24,1989 the defendant pled guilty to carnal knowledge of a juvenile in exchange for the two other charges being dismissed. After waiving all delays the defendant was sentenced to ten years at hard labor pursuant to a plea bargain. Defendant now appeals. We affirm the conviction and sentence.
On appeal Boudreaux assigns the following errors:
1. This court should remand appellant’s case to the trial court for a hearing to determine whether appellant should be permitted to withdraw his guilty plea, and
2. Also assigned as error are any and all errors patent on the face of the record.
Boudreaux contends that his guilty plea resulted from a coerced confession; however, when defendant pled guilty he knowingly and voluntarily waived his right to contest the confession. Defense counsel withdrew the motion to suppress the confession at the time of the plea.
Before accepting the defendant’s guilty plea, the trial court engaged in a colloguy with the defendant. The court ascertained the defendant was competent and literate.
The trial judge specifically informed Bou-dreaux of his right to assert an illegal confession. The defendant stated he understood. He further responded he understood that by entering the plea he was giving up that right. Evidence of this waiver is also contained in the waiver of rights form signed by Boudreaux.
Furthermore, a plea of guilty waives all defects prior to that plea except those jurisdictional defects which appear on the face of the pleadings and proceedings. State v. Allen, 263 La. 123, 267 So.2d 544 (La.1972); State v. Fabre, 525 So.2d 1222 (La.App. 1st Cir.1988), writ denied, 532 So.2d 148 (La.1988). However, a defendant may condition his plea upon the reservation for appellate review of specified pre-plea errors. State v. Crosby, 338 So.2d 584 (La.1976); State v. Fontenot, 410 So.2d 1112 (La.1982). This was not done in the case at bar.
Boudreaux continually indicated that he understood the consequences of his guilty plea and was pleading guilty of his own volition. He also testified to a factual basis supporting the offense. Defendant’s attorney indicated that he had advised the defendant of his constitutional rights and was satisfied the defendant acted knowing *1071 ly, intelligently and freely in pleading guilty.
Additionally, the waiver of rights form signed by the defendant, his attorney and the judge indicates the defendant understood his constitutional rights and that by pleading guilty he was voluntarily waiving those rights.
We conclude the defendant’s guilty plea was entered knowingly and voluntarily. Therefore, this assignment of error lacks merit.
We have also conducted an error patent review and find no errors patent.
Accordingly, for the reasons stated Bou-dreaux's conviction and sentence are affirmed.
AFFIRMED.