601 So.2d 779 (1992)
STATE of Louisiana
v.
Gary HARRIS.
No. 91 KA 0432.
Court of Appeal of Louisiana, First Circuit.
May 22, 1992.
*780 Doug Moreau, Dist. Atty., Baton Rouge, Kay Howell, Asst. Dist. Atty., for plaintiff/appellee.
D. Bert Garraway, Asst. Public Defender, for defendant/appellant.
Before LOTTINGER, EDWARDS and GONZALES, JJ.
LOTTINGER, Judge.
Defendant, Gary Wayne Harris, was originally charged by bill of information with armed robbery (count 1) and two counts of first degree robbery (counts 2 and 3). La.R.S. 14:64 and 64.1. Pursuant to a plea bargain agreement, Count 1 was amended to first degree robbery and Count 3 was nol-prossed. Defendant pleaded guilty to these two counts of first degree robbery and, at the same time, pleaded guilty to one count of first degree robbery, charged under bill of information number 6-90-378. For the instant convictions, defendant received two concurrent sentences of imprisonment at hard labor for thirty years without benefit of probation, parole or suspension of sentence. Defendant also received one concurrent sentence of thirty years at hard labor without benefit of probation, parole or suspension of sentence for the other first degree robbery count. That conviction and sentence were separately appealed. See State v. Harris, 601 So.2d 775 (La.App.1992) also decided this date. Defendant appeals, urging two assignments of error.

FACTS
At the preliminary examination, Baker Police Detective Randall Dunaway testified that he was called to investigate a robbery that occurred on March 25, 1990, at the Delta Gas Station. Detective Dunaway testified that the store manager, Mr. Johnson, told him that a black male entered the store and presented a bag over his hand with a gun barrel sticking out of the end of the bag and demanded all his money. Mr. Johnson gave the man the money, and the man fled the store. Mr. Johnson described *781 the male to a police officer who put together a Smith and Wesson identi-kit composite drawing. This drawing resembles defendant. Mr. Johnson also described the gun barrel as being large and made of blue steel.
Detective Dunaway further testified that on March 28, 1990, he was called to investigate a robbery at the Baker Texaco Gas Station. Detective Dunaway stated that the clerk on duty at the time, Betty Travis, told him that a black male entered the store and presented a bag over his hand and demanded all the money in the register. Travis described the male to a police officer who put together a Smith and Wesson identi-kit composite drawing. This drawing also resembles defendant. Later, from a photographic lineup, both Johnson and Travis identified defendant as the robber. Subsequently, defendant was arrested immediately after completing a third robbery, charged under bill of information number 6-90-378.

ASSIGNMENT OF ERROR NUMBER ONE
In his first assignment of error, defendant alleges that the trial judge erred when he accepted defendant's guilty pleas. Specifically, defendant contends that the Boykinization was inadequate because defendant was not advised of the nature of the charges against him and was not informed of the sentencing range provided for those offenses.
It is well settled that a plea of guilty waives all defects prior to that plea except those jurisdictional defects which appear on the face of the pleadings and proceedings. See State v. Allen, 263 La. 123, 267 So.2d 544 (La.1972); State v. Fabre, 525 So.2d 1222, 1224 (La.App. 1st Cir.), writ denied, 532 So.2d 148 (La.1988). Defendant did not file a motion to withdraw his guilty pleas. Nevertheless, we elect to review the merits of defendant's claim.

Nature of Charges
Before accepting the pleas, the trial judge read the first degree robbery statute to defendant. The trial judge asked defendant if he understood the charge, and defendant answered, "Yes." The trial judge reminded defendant that there had been a preliminary examination and asked him if defendant had been present for it and if the testimony given at that examination had been true and correct. To both questions, defendant answered, "Yes." The trial judge then carefully advised defendant of his rights: against self-incrimination, to a trial by jury and to confront his accusers. The trial judge asked defendant who made the final decision to plead guilty; and defendant answered, "I did." The trial judge promised that he would make defendant's sentences run concurrently, and he informed defendant that he would have to sentence defendant to at least three years.
A preliminary examination was conducted, at which testimony revealed facts which constitute the elements of first degree robbery. During the Boykin examination, the trial judge read to defendant the statute defining first degree robbery. Therefore, we find that defendant did know the nature of the charges against him.

Sentencing Exposure
The United States Supreme Court, in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), reversed five robbery convictions based upon guilty pleas on the basis that the court accepting the pleas had not ascertained that the defendant voluntarily and knowingly waived his right against compulsory self-incrimination, right to jury trial, and right of confrontation. The language included in many Louisiana cases concerning a requirement that the accused be advised of his possible sentencing exposure, citing Boykin, apparently derived from footnote 7 in Boykin, in which the Supreme Court quoted from a Pennsylvania state court case as a demonstration of that court's approach to the issue. The Boykin decision itself does not require such advice; it only requires that a defendant be informed of the three rights enumerated above. "Its scope has not been expanded to include advising the defendant of any other rights which he may have, nor of the possible consequences of *782 his actions." State v. Nuccio, 454 So.2d 93, 104 (La.1984).
Defendant argues that the guilty plea is invalid because the trial judge did not advise him of the sentencing range. As previously noted, Boykin requires no such advice. Moreover, it is not clear what, if any, explanation is owed to a defendant about his maximum penalty exposure, only that an understanding of the exposure is important to a defendant in some cases. State v. Haney, 434 So.2d 1264, 1266 n. 3 (La.App. 1st Cir.1983). Defendant herein does not contend that his guilty pleas were rendered involuntary because he received a sentence in excess of one promised him nor that he was actually unaware of his sentencing exposure. Cf. State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982) (wherein the defendant attacked his guilty plea by way of post conviction relief and established his misunderstanding of when he would be eligible for parole and that he would not have pleaded guilty had he known he would be ineligible for probation or parole).
We note that defendant knew he could have been charged with one count of armed robbery, the penalty for which would have been a maximum of ninety-nine years at hard labor without benefit of parole, probation or suspension of sentence, as well as three separate counts of first degree robbery. All four offenses were committed separately, and, therefore, defendant could have received four consecutive sentences. He chose instead, to plead guilty to three counts of first degree robbery and to have his sentences run concurrently. A guilty plea is a conviction and, therefore, should be afforded a great measure of finality. State v. Thornton, 521 So.2d 598, 600 (La.App. 1st Cir.), writ denied, 530 So.2d 85 (La.1988). For the reasons herein stated, we find this assignment of error meritless.

ASSIGNMENT OF ERROR NUMBER TWO
In his second assignment of error, defendant alleges that the trial judge erred when he imposed excessive sentences and failed to comply with the sentencing guidelines set forth in La.Code Crim.P. art. 894.1. Specifically, defendant contends that he was sentenced to the near maximum amount and that there is nothing in the record which supports the imposition of those near maximum sentences. Further, defendant argues that the trial judge did not mention art. 894.1, or the factors contained therein, when sentencing him.
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). However, the trial judge has great discretion in imposing a sentence within statutory limits; and such a sentence will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Latiolais, 563 So.2d 469, 473 (La.App. 1st Cir.1990).
The penalty for first degree robbery under La.R.S. 14:64.1(B) is imprisonment at hard labor for not less than three years and not more than forty years, without benefit of parole, probation or suspension of imposition or execution of sentence. Defendant was sentenced to imprisonment at hard labor for thirty years, on each count, to run concurrently. We cannot say the sentences are excessive under the circumstances set forth by the trial judge. The sentences are within the sentencing range and do not appear to be grossly disproportionate to the offenses committed, especially in light of the fact that defendant pleaded guilty to one other count of first degree robbery, for which he received the same thirty years, because the sentences are to run concurrently. During sentencing, the judge noted that the presentence investigation revealed that defendant had been arrested for twenty-eight crimes, twenty-four of which were felonies. Although thirty years is in the upper range of the sentencing scale, defendant's criminal record justifies these sentences.
La.C.Cr.P. art 894.1 requires the trial judge to weigh both aggravating and mitigating circumstances in determining the length of the sentence. While the trial judge is not required to articulate every such circumstance in imposing sentence, *783 the record must reveal adequate consideration of the guidelines enumerated in article 894.1. State v. McGuire, 560 So.2d 545, 552 (La.App. 1st Cir.), writ denied, 565 So.2d 941 (La.1990). See also La.Code Crim.P. art. 894.1(C). Even in the absence of adequate compliance with the mandate of article 894.1, it is not necessary to remand the matter for resentencing when the sentence imposed is not apparently severe in relation to the particular offender or the particular offense. State v. Holts, 525 So.2d 1241, 1246 (La.App. 1st Cir.1988). A sentence imposed without the assignment of reasons will not be set aside automatically on appeal, but will be set aside for resentencing only if the record is inadequate or if the record clearly indicates the sentence is excessive. State v. Buie, 477 So.2d 157, 165 (La.App. 1st Cir.1985).
The trial judge did not meticulously comply with article 894.1, but the trial judge did order a presentence investigation. The trial judge mentioned defendant's lengthy criminal record, his drug abuse as the probable motivation for defendant's life of crime and the fact that defendant had been on probation twice before and had "done poorly." The trial judge also commented that every victim had recommended that defendant serve a long term in jail and that the Probation and Parole Office recommended the maximum sentence. We find no manifest abuse of the trial judge's sentencing discretion and, for the reasons herein stated, we find this assignment of error meritless.

PATENT ERROR
After reviewing this record, we have discovered a sentencing error patent on the face of the record. The trial judge did not give defendant credit for time served when the sentences were imposed.
La.Code Crim.P. art. 880 requires the court to give a defendant "credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence." Patent sentencing error occurs when the trial court fails to specify credit for time served. State v. Hall, 287 So.2d 798, 799 (La.1973). See also State v. Greer, 572 So.2d 1166, 1172 (La.App. 1st Cir.1990). Accordingly, we find a patent sentencing error and amend the sentences to reflect that defendant is to be given credit for time served prior to execution of his sentences. See La.Code Crim.P. art. 882(A). Resentencing is not required. However, we remand the case and order the district court to amend the commitment and minute entry of the sentencing to reflect that defendant is to be given credit for time served.
CONVICTIONS AFFIRMED; REMANDED TO CORRECT SENTENCES.