CRAIN, Judge.
The defendant, Anthony Reed, was charged by bill of information with possession of alprazolam, a violation of LSA-R.S. 40:969C. He pled guilty as charged and was sentenced to five years at hard labor with credit for time served. The defendant has appealed, urging two assignments of error.
Because there was no trial, the following facts were derived from the police report filed into the record. On February 4, 1989, Baton Rouge police officers observed the defendant drop a brown paper bag and a clear cellophane bag. The officers stopped the defendant and retrieved the bags. The brown paper bag contained four hypodermic syringes, and the clear bag contained five Xanax (alprazolam) tablets.
ASSIGNMENT OF ERROR NUMBER ONE:
In his first assignment of error, the defendant contends that the trial court erred in accepting his guilty plea.
It is well settled that a plea of guilty waives all defects prior to that plea except those jurisdictional defects which appear on the face of the pleadings and proceedings. State v. Allen, 263 La. 123, 267 So.2d 544, 545 (1972); State v. Fabre, 525 So.2d 1222, 1224 (La.App. 1st Cir.), writ denied, 532 So.2d 148 (La.1988). A guilty plea is a conviction and, therefore, is to be afforded a great measure of finality. State v. Thorton, 521 So.2d 598, 600 (La. App. 1st Cir.), writ denied, 530 So.2d 85 (La.1988).
In his brief to this Court, the defendant states:
[He] was never adequately advised by the court of the nature of the charges against him. The trial court never reads the definition of this charge nor does he advise the [defendant] of the elements required for this charge.
Because the trial court’s advisement of his rights was inadequate, [defendant] urges this •... Court to vacate his guilty plea and remand his case for proper consideration.
Our review of the instant record indicates that there is no legal basis for the withdrawal of the defendant’s guilty plea. Initially, we note that the record does not contain a motion for withdrawal of the plea. Furthermore, our review of the instant record indicates that the trial court conducted an adequate Boykin hearing. The trial court carefully advised the defendant of his right against self-incrimination, his right to a trial by jury, and his right to confront and cross-examine his accusers. The court ascertained from the defendant that he had a twelfth grade education and was able to read and write. The court also asked the defendant if anyone was forcing or threatening him into pleading guilty or if any promises had been made to induce him to plead guilty, to which he answered in the negative. Finally, when the court asked the defendant who made the final decision to plead guilty, the defendant responded, “I did.”
During the Boykin examination, the following exchange occurred between the defendant and the court:
Q. OKAY, MR. REED, .YOU’RE CHARGED WITH POSSESSION OF ALPRAZOLAM, WHICH IS A NEW ONE ON ME, BUT APPARENTLY IT’S A CONTROLLED DANGEROUS SUBSTANCE, SCHEDULE IV DRUG. DO YOU UNDERSTAND WHAT YOU’RE CHARGED WITH?
A. YES, SIR.
*1029 Q. WERE YOU AWARE OF THE FACT IT WAS AGAINST THE LAW TO POSSESS THAT SUBSTANCE?
A. YES, SIR.
Q. YOUR EXPOSURE IS UP TO FIVE YEARS WITH OR WITHOUT HARD LABOR, AND A FINE OF UP TO FIVE THOUSAND DOLLARS. THAT’S NOT TO SAY THAT’S WHAT IS GOING TO HAPPEN TO YOU, BUT THAT’S YOUR EXPOSURE. DO YOU UNDERSTAND?
A. YES, SIR.
Q. DID YOU IN FACT HAVE THAT SUBSTANCE ON YOU, IN YOUR POSSESSION?
A. YES, SIR.
The trial court informed the defendant of the charge to which he was pleading, that the drug was illegal, and asked him whether or not he possessed the drug. The elements of the instant offense are uncomplicated: possession of this illegal drug by this defendant. Considering the above, we are convinced that the defendant knowingly and voluntarily entered this plea with a full understanding of the consequences. It is obvious that the defendant was informed of the elements of the offense and that he was aware of the nature of the charge. Moreover, he admitted that he did possess the illegal drug. The defendant’s argument is frivolous, and we find this assignment of error to be without merit.
ASSIGNMENT OF ERROR NUMBER TWO:
In his second assignment of error, the defendant contends that the trial court imposed an excessive sentence and failed to comply with the sentencing guidelines set forth in La.C.Cr.P. art. 894.1.
The Louisiana Code of Criminal Procedure sets forth items which must be considered by the trial court before imposing sentence. La.C.Cr.P. art. 894.1. The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Herrin, 562 So.2d 1, 11 (La.App. 1st Cir.), writ denied, 565 So.2d 942 (La.1990). In light of the criteria expressed by Article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court’s stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182, 1186 (La.App. 1st Cir.1988).
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). However, the trial court has wide discretion in imposing a sentence within the statutory limits; and such a sentence will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Latiolais, 563 So.2d 469, 473 (La.App. 1st Cir.1990).
In imposing sentence, the trial court reviewed the defendant’s criminal record and commented that anything less than the sentence given would deprecate the seriousness of the offense. The court stated that the defendant has “not shown any remorse for this particular act, claiming you were set up, an innocent bystand-' er.” The court also noted that the defendant was not a youthful offender as he was thirty-eight years old at sentencing. When the trial court recites some of the factors of Article 894.1, such as defendant’s lengthy criminal record) a factual basis for the sentence is present and it is not necessary for the trial court to enumerate each factor under the article. State v. Braxton, 509 So.2d 807, 809 (La.App. 1st Cir.), writ denied, 514 So.2d 127 (La.1987). Considering the above, we find that the trial court adequately complied with the Article 894.1 guidelines.
We do not find the sentence imposed in this case to be excessive. For his conviction of possession of alprazolam, the defendant was exposed to a sentence of not more than five years imprisonment with or without hard labor and a fine of not more than five thousand dollars. LSA-R.S. 40:969C. Defendant received the maximum sentence of five years imprisonment at hard labor, but no fine was imposed.
The defendant contends that the court erred in sentencing him to the maximum sentence. He argues that there is nothing *1030 in the record to support the imposition of a maximum sentence.
This Court has stated that the maximum sentence may be imposed only in cases involving the most serious offenses and worst offenders. State v. Easley, 432 So.2d 910, 914 (La.App. 1st Cir.1983). According to the trial court and the defendant’s Pre-Sentence Investigation Report, he is classified as a second felony offender. He has been arrested for sixty-three different crimes which included seven felonies and twenty-one violent crimes. The defendant also has numerous misdemeanor convictions and was placed on probation a total of eleven times. Thus, we find the defendant to be the worst type of offender.
Additionally, according to the police report, the defendant was also originally charged with simple battery of a police officer due to his conduct at the time of his arrest for the instant charge. Because there was not a trial in this case, we are unable to determine from the facts of the instant offense whether or not it is the most serious type of offense. However, considering the court’s reasons for sentencing, particularly the defendant’s lengthy criminal record, we find no abuse of discretion in the sentence imposed. This assignment of error lacks merit.
CONVICTION AND SENTENCE AFFIRMED.