647 So.2d 536 (1994)
STATE of Louisiana
v.
Hamilton GREEN.
No. CR94-617.
Court of Appeal of Louisiana, Third Circuit.
December 7, 1994.
*537 John Phillip Haney, St. Martinville, for State.
Lawrence Blake Jones, Robert Clemenz, New Orleans, for Hamilton Green.
Before KNOLL and WOODARD, JJ., and BERTRAND[*], J. Pro Tem.
LUCIEN C. BERTRAND, Jr., Judge Pro Tem.
Defendant, Hamilton Green, was charged by bill of information with three counts of aggravated assault in violation of La.R.S. 14:37 and four counts of possession of a firearm by a convicted felon in violation of La.R.S. 14:95.1. In a separate bill of information he was also charged with one count of unauthorized use of a movable in violation of La.R.S. 14:68 and one count of possession of marijuana, second offense, in violation of La. R.S. 40:966D(2).[1]
*538 On October 20, 1993, defendant entered pleas of not guilty to all charges. However, on the date of trial, January 11, 1994, defendant withdrew his former pleas and entered a plea of guilty to one count of possession of a firearm by a convicted felon, one count of unauthorized use of a movable over $1,000.00 and one count of possession of marijuana, second offense. Defendant was sentenced on February 16, 1994 to 10 years with the Department of Corrections without benefit of probation, parole, or suspension of sentence for one count of possession of a firearm by a convicted felon. For one count of possession of marijuana, second offense, defendant was sentenced to five years and for one count of unauthorized use of a movable, defendant was sentenced to three years. Defendant's sentence for possession of marijuana, second offense, and unauthorized use of a movable are to be served concurrently, but consecutively with the sentence for possession of a firearm by a convicted felon.
Although the defendant initially assigned six errors, he has briefed only four. Those assignments of error not briefed are considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.

FACTS
When the defendant entered his guilty plea, the State alleged the following facts which defendant admitted to be true. On August 23, 1993, Iberia Parish sheriff's deputies went to defendant's home in New Iberia to execute a warrant on defendant for aggravated assault. After defendant's arrest, the deputies obtained permission from Mrs. Green, defendant's wife, to search the home for weapons. Mrs. Green showed the deputies a .38 caliber weapon, which she indicated was hers, and three shotguns, which she indicated belonged to her husband. The weapons were allegedly given to defendant by family members. The search also revealed a .38 caliber weapon located under the mattress in defendant's bedroom.
For the charges of unauthorized use of a movable and possession of marijuana, second offense, the State alleged the following facts. On October 3, 1993, Morris Polk reported that his 1993 Mercury Topaz had been stolen. A deputy spotted a vehicle meeting this description being driven by defendant with a female passenger. The deputy arrested defendant and searched the vehicle, wherein he found marijuana smoking papers, a bag of marijuana on the visor of the driver's side, and a marijuana cigarette in the purse of the passenger. Although the defendant admitted these facts to be true, his attorney would admit only that defendant drove the vehicle and that marijuana was found.
After retaining new counsel, defendant filed a Motion to Withdraw Guilty Plea on February 4, 1994, at which time the motion was summarily denied by the trial judge. Defendant reurged the same motion at his sentencing on February 16, 1994. The trial judge again denied this motion after hearing arguments advanced by defense counsel.

ASSIGNMENT OF ERROR NO. 1
Defendant argues that the trial court should have granted his Motion to Withdraw Guilty Plea because the State did not provide notice of its intention to use defendant's written inculpatory statement until 20 minutes before trial. Defendant claims that the surprise of this late notice prevented him from entering into a free and voluntary plea and that had the statement been included in the State's previous response to discovery, he would have accepted a more favorable plea bargain that was offered one week before trial.
La.C.Cr.P. Art. 559 provides that the court may permit a plea of guilty to be withdrawn at any time before sentence. The trial court is vested with a great deal of discretion in permitting the withdrawal of a guilty plea, but its discretion may not be exercised arbitrarily and can be corrected on appeal. State v. Johnson, 544 So.2d 767 (La.App. 3rd Cir. 1989).
If a motion for withdrawal of a guilty plea contains specific allegations that the guilty plea was involuntary, the Boykin colloquy was defective, there was a breach of the plea bargain agreement, or some other specific allegation that the plea is constitutionally infirm, the trial court should vacate the plea or conduct a hearing on the matter. *539 State v. Parker, 581 So.2d 314 (La.App. 1st Cir.1991).
Defendant's Motion to Withdraw Guilty Plea did not contain the specific allegations mentioned above; however, defendant reurged his motion before sentencing, arguing that the surprise of the State's notice only 20 minutes before trial of its intent to use his written inculpatory statement rendered him unable to make a free and voluntary decision.
La.C.Cr.P. Art. 768 provides:
Unless the defendant has been granted pretrial discovery, if the state intends to introduce a confession or inculpatory statement in evidence, it shall so advise the defendant in writing prior to beginning the state's opening statement. If it fails to do so a confession or inculpatory statement shall not be admissible in evidence.
Although defendant was granted pre-trial discovery, there is some question as to whether or not the substance of the written inculpatory statement was included in the State's response to defendant's discovery request. However, it is undisputed that the State did comply with Article 768 by giving notice of its intent to use the inculpatory statement prior to the beginning of its opening statement. At that time, the defendant could have filed a motion to continue, if he suffered any prejudice by the Article 768 notice. State v. Quimby, 419 So.2d 951 (La. 1982).
The record reveals that defendant was extensively questioned by the trial court about the voluntariness of his plea. The trial judge read the statute for each crime to which defendant was pleading guilty and informed the defendant of the possible sentence he could receive for each crime. The trial court asked the defendant questions beyond the normal Boykinization procedure to insure that defendant was entering a knowing, intelligent and voluntary plea.
In State v. Lewis, 539 So.2d 1199 (La. 1989), the Louisiana Supreme Court discussed the question of voluntariness as follows:
Based upon a complete review of all relevant considerations on the issue of voluntariness, the ultimate question must be answered of whether the statement was "the product of an essentially free and unconstrained choice" or the result of an overborne will.
539 So.2d at 1205.
Although Lewis dealt with the voluntariness of a defendant's statement, we find that its language is helpful in determining whether a guilty plea was voluntarily made. Here, defendant may have refused a better offer by the State, but we do not find that this fact alone rendered the plea involuntary, particularly after viewing the entirety of the record.
We are also not persuaded by the cases cited by defendant. In State v. Johnson, supra, this court set aside a guilty plea after finding that the State failed to disclose exculpatory evidence which would have shown that it was impossible for the defendant to have committed one of the crimes that he "bargained" away. We find Johnson distinguishable in two respects. First, the evidence in the present case is defendant's own inculpatory statement, as opposed to exculpatory evidence from an independent source. Second, in the instant case, the State did timely comply with Article 768.
In State v. Robinson, 552 So.2d 994 (La. App. 4th Cir.1989), the State misled the defendant into believing that he was facing a more serious charge of distribution of cocaine when the assistant district attorney knew that the substance involved was not cocaine. Here, we cannot conclude that the State misled defendant in view of the State's timely compliance with Article 768.
For the above reasons, we find no merit to this assignment of error.

ASSIGNMENT OF ERROR NO. 2
Defendant next argues that his guilty plea should have been set aside because the evidence indicated that the State coerced the victim into bringing charges against him. By affidavit dated February 12, 1994, Morris Polk, the owner of the car reported stolen, stated that he did not wish to pursue charges against defendant and further that "he was coerced into making charges against Hamilton Green under threat of prosecution for *540 possession of marijuana." Defendant claims that the possible coercion of his accuser taints the plea negotiation and renders his plea a product of coercion.
We note that the affidavit of Morris Polk, although filed into the record, was never admitted into evidence. However, even if we consider the substance of the affidavit, we find that it does not support defendant's claim that his plea should be set aside. The affidavit does not indicate that the defendant is innocent; it only shows that the victim did not wish to press charges.
La.C.Cr.P. Art. 61 provides:
Subject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute.
This article has been interpreted as giving the district attorney absolute discretion in the institution of criminal charges. State v. Perez, 464 So.2d 737 (La.1985). Therefore, whether or not the victim wanted to press charges is irrelevant.
We find no merit to this assignment of error.

ASSIGNMENT OF ERROR NO. 3
Defendant next argues that the trial court abused its discretion in denying his Motion to Withdraw Guilty Plea because the evidence indicated that he had "viable defenses" to the charges. He points to the affidavit of Morris Polk, as well as to the affidavit of Sylvia Green, his wife, who states that she misstated facts when she told the police that certain firearms belonged to the defendant. We have already discussed the affidavit of Morris Polk. As to Mrs. Green's affidavit, we note that it, too, was never offered into evidence; hence, we need not consider it. However, for the sake of completeness, we note that the affidavit is in direct contradiction to statements which Mrs. Green gave to police officers at the time the weapons were found in the closet of defendant's master bedroom and under the mattress of his bed. This affidavit does not counteract the strong evidence of defendant's guilt.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 4
In his final assignment of error, defendant contends that the sentence imposed by the trial court is excessive. In regard to this assignment of error, La.C.Cr.P. Art. 881.1 provides in full:
A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
B. If a motion is made or filed under Paragraph A of this Article, the trial court may resentence the defendant despite the pendency of an appeal or the commencement of execution of the sentence.
C. The trial court may deny a motion to reconsider sentence without a contradictory hearing.
D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review. (Emphasis added.)
A review of the record and a request to the clerk of the district court reveals that defendant did not file a written motion to reconsider sentence. After the trial court imposed sentence, the defense attorney made the following statement:
I appreciate your indulgence. I can't agree with the ruling of the Court, but, as always, I do appreciate the court's indulgence in our attempt to represent our client. Thank you.
We find that this language is insufficient to constitute an oral motion to reconsider sentence. *541 The instant case is distinguishable from State v. Caldwell, 620 So.2d 859 (La. 1993), wherein the Supreme Court stated:
The record of sentencing shows that counsel objected generally to the penalties imposed by the trial court and specifically to the excessiveness of the sentences, including their consecutive nature, to the court's departure from the recommended range provided by the new Sentencing Guidelines, and to particular factual allegations regarding the defendant's background. These remarks constituted an oral motion to reconsider made "at the time of sentencing," alerting the court to specific problems that counsel found with the sentences at a time when the court could take corrective action, and obviating the need for a written motion filed after sentencing. (Citations omitted.)
620 So.2d at 859.
We find no written or oral motion that complies with the requirements of Article 881.1. Therefore, the defendant is precluded from raising the specific ground of excessiveness on appeal.

ERRORS PATENT
The record reveals that the trial court failed to give the defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence as required by La.C.Cr.P. Art. 880. Accordingly, we remand the case with instructions that the district court amend the commitment and minute entry of the sentence to reflect that the defendant is given credit for time served. State v. Jones, 607 So.2d 828 (La.App. 1st Cir.1992), writ denied, 612 So.2d 79 (La.1993).
The minutes reflect that the trial judge informed the defendant of the three year prescriptive period for filing post-conviction relief at the time of the guilty plea rather than at the time of sentencing as required by La.C.Cr.P. Art. 930.8. The three year prescriptive period does not begin to run until the judgment is final under either La.C.Cr.P. Art. 914 or Art. 922, so prescription is not yet running. Apparently, the purpose of this notice is to inform the defendant of the prescriptive period in advance. We find that the notice defendant received at the time of his guilty plea is sufficient; however, out of an abundance of caution, we will nonetheless ask that the district court inform the defendant of La. C.Cr.P. Art. 930.8 by sending appropriate written notice within 10 days of the rendition of this opinion and file written proof that the defendant received notice in the record of these proceedings.
For the above reasons the convictions and sentences of the defendant, Hamilton Green, are affirmed. The case is remanded to the district court with the above instructions.
AFFIRMED; REMANDED WITH INSTRUCTIONS.
KNOLL, J., concurs and assigns reasons.
WOODARD, J., concurs for reasons assigned by KNOLL, J.
KNOLL, Judge, concurring.
Although I agree with the result reached by the majority, I respectfully disagree with its reasoning.
Defendant argues that his guilty plea should be set aside based on the contents of two affidavits. However, an affidavit generally may not be admitted as evidence in a criminal proceeding. Moreover, the affidavits at issue were not even admitted into evidence; they were simply inserted into the record on appeal after the learned trial judge correctly refused to consider them. These affidavits are not properly before this court and should be given no consideration whatsoever by us.
Furthermore, the defendant pleaded guilty and most of his complaints are nonjurisdictional issues; therefore, we should not have considered these totally meritless complaints. State v. Allen, 263 La. 123, 267 So.2d 544 (1972); State v. Farmer, 612 So.2d 801 (La. App. 1st Cir.1992). Accordingly, the discussion of assignments of error one, two, and three should be omitted.
NOTES
[*] Judge Lucien C. Bertrand, Jr., Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] Defendant has filed two appeals in conformity with the district court's practice of assigning different docket numbers for each bill of information. Although we will issue one opinion, we will render a separate decree for each appeal. See State v. Hamilton Green, 94-618, also rendered this same date at 647 So.2d 536 (La.App. 3rd Cir.1994).