NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-453

STATE OF LOUISIANA

VERSUS

DOUGLAS L. SNEED

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 74842
HONORABLE JOHN C. FORD, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, J. David Painter, and Shannon J. Gremillion, Judges.

AFFIRMED.

James Edward Beal
LA. Appellate Project
P. O. Box 307
Jonesboro, LA 71251-0307
(318) 259-2391
Counsel for Defendant Appellant:
Douglas L. Sneed

**Hon. Asa Allen Skinner**
**District Attorney, 30th JDC**
**P. O. Box 1188**
**Leesville, LA 71496-1188**
**(337) 239-2008**
**Counsel for Plaintiff Appellee:**
**State of Louisiana**

**Terry Wayne Lambright**
**Attorney at Law**
**100 S. Third St., Suite A**
**Leesville, LA 71446**
**(337) 239-6557**
**Counsel for Plaintiff Appellee:**
**State of Louisiana**

**SAUNDERS, Judge.**

On or about July 28, 2008, the Defendant, Douglas Cody Sneed, was charged by bill of information with possession of diazepam, a Schedule IV Controlled Dangerous Substance (CDS), a violation of La.R.S. 40:969. The Defendant pled guilty to the charge on September 14, 2009, and to charges in two unrelated docket numbers, lower court docket numbers 75,777 and 75,787.[1] As part of his plea agreement, the State agreed to dismiss counts 1 through 14, 16 and 17 in lower court docket number 75,777. The State also agreed not to pursue or seek habitual offender prosecution.[2]

The Defendant was sentenced on December 22, 2009, to serve five years at hard labor with credit for time served. The sentence was ordered to run concurrently with the sentence imposed for his convictions in docket numbers 75,777 and 75,787. A motion to reconsider sentence was filed on December 23, 2009, and denied without a hearing on December 29, 2009.

The Defendant is now before this court on appeal, asserting that his sentence is excessive. His sentence is affirmed.

**FACTS:**

On October 30, 2007, the Defendant was confronted by agents of the Vernon Parish Narcotics Task Force and asked if he was in possession of any illegal drugs. The Defendant admitted that he was in possession of some pills. The confiscated

---

[1]In addition to the charge in the instant appeal, the Defendant pled guilty to possession of a firearm by a convicted felon in docket number 75,777 (Count 15), and to armed robbery, attempted armed robbery and conspiracy to commit armed robbery in docket number 75,787 (Counts 1, 2 and 5). These convictions are presently before this court on appeal in docket number 10-454 and 10-455, respectively.

[2]The remaining charge in lower court docket number 75,777, count 15 - possession of a firearm by a convicted felon - is before this court on appeal in docket number 10-454.

pills were then submitted to the Louisiana Crime Lab where they tested positive for diazepam, a schedule IV controlled and dangerous substance.

**ASSIGNMENT OF ERROR:**

In his sole assignment of error, the Defendant argues that his sentence is excessive and that the trial court failed to give sufficient consideration to mitigating factors in fashioning a sentence. This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 [p.5] (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 [p. 3] (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La. 7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position by

assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

Lastly, the courts agree that maximum sentences are typically reserved for the most serious offenses and the most egregious offenders. *See State v. Baker*, 08-54 (La.App. 3 Cir. 5/7/08), 986 So.2d 682.

The penalty for possession of diazepam, a Schedule IV CDS, is imprisonment, with or without hard labor, for not more than five years and a fine of not more than five thousand dollars. La.R.S. 40:969(C)(2). As such, the Defendant received the maximum possible sentence, but no fine was imposed. The Defendant, however, received a significant benefit as a result of his plea agreement. In addition to the dismissal of numerous charges, he avoided habitual offender prosecution, greatly reducing his total sentencing exposure. Lastly, the Defendant's sentence was ordered to run concurrently with sentences imposed in two other unrelated docket numbers, further reducing his total years of incarceration.

At sentencing, the trial court noted that the Defendant was twenty-five years old. The trial court added that it had considered the sentencing guidelines under La.Code Crim.P. art. 894.1, the Defendant's presentence investigation report, and letters and a petition on the Defendant's behalf. Next, the trial court discussed the facts of the unrelated offense from another docket number, omitting any reference to the facts of the instant offense.

The trial court also reviewed the Defendant's prior criminal history as follows:

> . . . going all the way back to 2003, he was put in a pretrial program for a simple burglary, but, other than that, most of his felonies were the result of just stupid things. Here he is, a convicted felon, now, in 2004 and he's out hunting at night with a firearm. That's possession of

firearm, another felony. You know, D.W.I., misdemeanor, criminal trespass, cruelty to animals, possession of a firearm by a felony [sic]. What'd he do? Probably got drunk, but he shot his own horse is what he was doing. That's stupid, again. I find that, you know, he doesn't have a -- much of a criminal history where he's -- there's been violence to victims -- persons. But, what his record does demonstrate to this Court is that -- that even though those were dumb things to do considering the consequences, show -- it tells the Court that it -- that he's -- he just had a total disregard for the law, and because of that, he was well known to the -- to the authorities and probably why they threw the book at you, Mr. Sneed, on all these charges. But, that's a fact of life that we deal with. The Court, even though, can, I suppose, reach for -- conclude that's it in mitigation that you didn't go in there and participate in beating that woman and that your criminal record speaks loudly to the Court.

The Defendant did not refer to any jurisprudence to support his excessive sentence claim. Our of the jurisprudence, however, revealed several cases involving possession of a Schedule IV CDS wherein the maximum five-year sentence was affirmed. In *State v. Reed*, 92-435 (La.App. 1 Cir. 3/5/93), 615 So.2d 1027, the thirty-eight-year-old defendant, a second felony offender, had been arrested for sixty-three different crimes, seven of which felonies and twenty-one were violent crimes. He also had numerous misdemeanor convictions and had been placed on probation eleven times. Accordingly, the court concluded the defendant was one of the worst type of offenders.

In *State v. Murray*, 42,655 (La.App. 2 Cir. 10/24/07), 968 So.2d 916, *writ denied*, 08-468 (La. 11/14/08), 996 So.2d 1083, the defendant's five-year sentence for possession of a schedule IV CDS was ordered to run concurrently with sentences imposed for three other offenses, computer-aided solicitation, attempted carnal knowledge of a juvenile, and possession of hydrocodone with intent to distribute. The court observed the defendant's criminal history which included possession of marijuana, possession of drug paraphernalia, driving under suspension, and the

issuance of two active warrants for his arrest in Tennessee for failing to appear in court on nineteen counts of issuing worthless checks. He was also on probation for failure to return a leased vehicle at the time of his arrest.

In *State v. Tran*, 05-518 (La.App. 5 Cir. 12/27/05), 919 So.2d 787, the forty-four-year-old defendant was found in possession of a box cutter at the time of the incident. Also, officers observed the defendant attempting to flag down passing vehicles at night in a known drug area, suggesting that he may have been attempting to distribute the drugs in his possession. The defendant's maximum five year sentence was affirmed on appeal.

Considering the jurisprudence discussed herein, the benefit received from the plea agreement, and the trial court's reasons for sentencing in the instant case, we find that the trial court did not abuse its discretion when it imposed the maximum sentence. Accordingly, this assignment of error is without merit, and the Defendant's sentence is affirmed.

**DECREE:**

The Defendant's sentence is affirmed.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules – Courts of Appeal.