PER CURIAM.
Originally charged with two counts of aggravated rape, defendant Ranee Brown pled guilty to two counts of the lesser included offense of forcible rape and then to a second felony offender bill. La.R.S. 14:42.1; 15:529.1. In accordance with his plea agreement, he was sentenced as an habitual offender to two concurrent sentences of 20 years at hard labor (including two years without benefit), to be served consecutive to a prior four-year sentence for simple burglary. Brown sought post conviction relief; the Louisiana Supreme Court set aside the habitual offender adjudication and sentence imposed for the second count of forcible rape and remanded the case for resentencing. 575 So.2d 382. On remand, the trial court sentenced Brown to serve 18 years on the second count, again concurrent with the 20-year sentence previously imposed for the first count, and consecutive to the burglary sentence. Brown now appeals from the resen-tencing on remand.
In the original appellate brief, defense counsel presented two assignments of error: first, that the trial court on remand erred in not resentencing Brown on both rape counts, rather than only on the second; and, second, that the court erred in considering facts contained in the presen-tence investigation report (“PSI”) prepared in connection with the trial of his co-defendant, Calvin White. However, counsel asserted that no non-frivolous issues could arguably be raised on Brown’s behalf, and filed a motion to withdraw. This court denied the motion and instructed counsel to file a brief referring to anything in the record which might arguably support the appeal; counsel complied with this order. These documents were forwarded to Brown as required by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Brown subsequently filed a pro se brief urging as error patent that the trial court erred in failing to properly advise him of his rights before he was adjudicated an habitual offender; Brown’s counsel and the State submitted supplemental briefs on this issue.
For the reasons expressed below, we find no merit in the two assignments of error presented in Brown’s initial brief. However, because the trial court failed to advise Brown of his rights during the habitual offender hearing, we must set aside the habitual offender adjudication and sentence on the first charge and remand the case for further proceedings.
DISCUSSION

Resentencing

In brief, defense counsel admitted that the trial court made the only possible interpretation of the Supreme Court’s ruling when it resentenced Brown on only the second of the two forcible rape charges; he specifically stated, however, that this first assignment was not abandoned.
In granting Brown post conviction relief, the Supreme Court held as follows:
*254 Relator’s multiple offender sentence imposed in connection with his guilty plea conviction of the second of two forcible rape charges is set aside and the case is remanded to the trial court for sentencing in accordance with law.
The court then cited State v. Porter, which we assume refers to State ex rel. Porter v. Butler, 573 So.2d 1106 (1991).
We find that the court did not err in resentencing Brown only on the second count. The Supreme Court’s instructions were clear, and were, moreover, consistent with its decision in Porter. There, the court maintained the continued viability of the rule precluding habitual offender enhancement of more than one conviction obtained out of a single criminal act or episode. See also State ex rel. Mims v. Butler, 601 So.2d 649 (La.1992) (on rehearing). While the court set aside all three of Porter’s sentences and remanded with instructions to resentence him as an habitual offender on only one, nothing in the court’s reasoning indicates that it was inappropriate to leave intact Brown’s habitual offender sentence as to the first count in this case. We thus find no merit in this assignment.

Consideration of Co-defendant’s Trial Record

Neither are we persuaded by Brown’s next assignment, in which he contends that the trial court on remand erred in considering facts gleaned from the PSI prepared in a co-defendant’s case.
At Brown’s plea hearing, the district attorney recited a brief version of the facts of this case. On August 18, 1985, Brown and Calvin White approached two young women on Peabody street in Shreveport. The women refused to get in the men’s car, so one of the men produced a rifle and forced them into the car. The men drove to the Airport Motel, forced the women to go with them into a room, and made them perform various sexual acts. The next morning, Brown and White returned the women to the vicinity where they were picked up. The victims then called the police and later identified Brown and White in police lineups. White was tried first and found guilty of two counts each of aggravated rape and aggravated crime against nature. Brown admitted at his plea hearing that the district attorney’s account of the crime was accurate.
On remand, in addition to the facts noted at Brown’s plea hearing, the trial court observed that both victims of this crime were 17 years old and that they were made to undress while still in the car on the way to the motel. At the motel, the men made each of the victims perform oral sex on them at gunpoint, and at least one of the women was forced to kiss the rifle barrel. The ordeal lasted for some time before the men took their victims back to Peabody street.
Brown argues that his sentence on the second count would have been less than 18 years if the court had considered only the facts adduced at his guilty plea hearing. However, our review of the record convinces us that the trial court did not err in considering the more detailed version of the events of the crimes, none of which Brown claims are in error. At the plea hearing, Brown did not traverse the statement of facts set out by the district attorney, but clearly admitted his conduct. On remand, the trial court specifically noted that Brown was not being sentenced as a multiple offender, and articulated mitigating as well as aggravating circumstances in full compliance with C.Cr.P. art. 894.1. The record fully supports concurrent 20 and 18 year sentences for these heinous crimes, particularly since Brown faced a maximum sentence of 40 years at hard labor on each count without habitual offender enhancement. La.R.S. 14:42.1. Moreover, the facts may have supported a conviction of aggravated rape with its mandatory life sentence without benefit of probation, parole' or suspension of sentence. Brown benefited substantially from the plea bargain. See State v. Smack, 425 So.2d 737 (La.1983). This assignment is without merit.

Habitual Offender Adjudication

At the guilty plea hearing, the trial court thoroughly advised Brown of his rights regarding his pleas of guilty to the *255 two forcible rape counts. Immediately after the court accepted Brown’s pleas on these charges, the assistant district attorney informed the court that the State had filed a second felony offender bill of information. Brown pled guilty to the second felony offender charge, and responded affirmatively when the court asked if his attorney had explained the nature of the second felony offender bill. The court then sentenced Brown on the two rape charges as a second felony offender.[1]
La.R.S. 15:529.1D sets out the procedure to be followed when it appears that a person convicted of a felony has been previously convicted of a felony. The statute reads in pertinent part:
[T]he court in which the subsequent conviction was had shall cause the person ... to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and the judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies, as set forth in the information. If the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section[.] (emphasis added).
This section implicitly provides that the court itself must advise the defendant of his “statutory right to remain silent.” State v. Johnson, 432 So.2d 815, 817 (La.1983); State v. Gilbert, 520 So.2d 1184 (La.App.5th Cir.1988); see also State v. Tate, 593 So.2d 864 (La.App.2d Cir.1992). It is clear from the record that Brown was not so advised by the court; his attorney’s assurances that Brown understood the proceedings are insufficient. Johnson, supra.
Furthermore, it is not clear that Brown was properly informed of the “allegation contained in the information[.]” R.S. 15:529.1D(1). At the beginning of the guilty plea proceeding, the district attorney told the court that Brown had been billed as a second felony offender based on a previous conviction for simple burglary. However, the multiple offender bill was not read into the record nor was the reading waived.
The trial court’s failure to advise a defendant of the allegations contained in the multiple offender bill and of his rights regarding that bill violates the statutory requirements for an habitual offender adjudication. The habitual offender adjudication must be reversed, the sentence vacated and the matter remanded for further proceedings. State v. Poole, 566 So.2d 180 (La.App.2d Cir.1990).
CONCLUSION
We find that the trial court did not err in resentencing Brown only on the second count of forcible rape and it did not impose an excessive sentence. However, for the reasons expressed, we must set aside the habitual offender adjudication and vacate the sentence imposed for the first count of forcible rape. State v. Johnson, supra. The case is remanded for a new habitual offender hearing and resentencing on the first count. We have examined the record for other errors patent and find none.
CONVICTION AND SENTENCE ON COUNT TWO AFFIRMED; HABITUAL OFFENDER ADJUDICATION AND SENTENCE ON COUNT ONE VACATED; REMANDED FOR FURTHER PROCEEDINGS.

. As discussed earlier, the supreme court set aside the second felony offender sentence as to the second rape count and the trial court resen-tenced Brown on this count on remand.