626 So.2d 851 (1993)
STATE of Louisiana, Appellee,
v.
Rance BROWN, Appellant.
No. 25348-KA.
Court of Appeal of Louisiana, Second Circuit.
October 27, 1993.
*852 Samuel V. Prunty, Jr., Shreveport, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Rebecca Bush, Catherine M. Estopinal, Asst. Dist. Attys., Shreveport, for appellee.
Before MARVIN, SEXTON and LINDSAY, JJ.
*853 SEXTON, Judge.
Appellant, Rance Brown was adjudicated a habitual offender by the First Judicial District Court, Caddo Parish. Brown now appeals that adjudication, alleging several errors. We conditionally vacate and remand.
Brown was originally charged with two counts of aggravated rape. However, Brown pled guilty to two counts of forcible rape and then to a second felony offender bill which charged Brown as a habitual offender on both counts. LSA-R.S. 14:42.1, 15:529.1. Brown was sentenced pursuant to a plea bargain to 20 years on each count. The sentences were assessed concurrently with each other, but consecutively to a four-year sentence for a prior simple burglary conviction. A 1983 simple burglary conviction was the predicate offense for both counts of the instant second felony offender bill. Defendant had pled guilty to simple burglary in 1983 in the First Judicial District Court, Caddo Parish.
Following sentencing for forcible rape as a habitual offender, Brown sought post-conviction relief in the Louisiana Supreme Court. That court set aside both the habitual offender adjudication and the sentence imposed for the second count of forcible rape and remanded the case for resentencing on the second count. State ex rel. Brown v. Bolin, 575 So.2d 382 (La.1991). On remand, the trial court sentenced Brown to 18 years on the second count. It was assessed concurrently with the 20-year sentence previously imposed for the first count (which the supreme court had not set aside) and consecutively to the burglary sentence.
Brown appealed the resentencing to this court. We set aside the habitual offender adjudication on count one because the trial court did not properly advise Brown of his rights when he pled guilty to the multiple felony offender bill, citing LSA-R.S. 15:529.1D. The case was remanded to the trial court to reconsider the allegation that Brown was a habitual offender. State v. Brown, 602 So.2d 252 (La.App. 2d Cir.1992).
On remand, the trial court once again adjudicated Brown to be a second felony offender on count one. The trial court sentenced Brown to 20 years at hard labor on the first count, two of those years to be without benefit of probation, parole, or suspension of sentence. The sentence was assessed concurrently with the 18-year sentence on the second count of forcible rape and consecutively to the previous burglary sentence.
Brown now appeals to this court asserting several assignments of error. These alleged errors challenge the jurisdiction of the court in which the predicate burglary conviction occurred and the quality of the Boykinization Brown received when he pled guilty to the predicate burglary charge.
We turn initially to the threshold jurisdictional issue. In this regard, the defendant argues that since the offense occurred in Plain Dealing, Louisiana, which is located in Bossier Parish, Caddo Parish's First Judicial District Court was an improper venue for the predicate burglary conviction.
LSA-Const. art. 1, § 16 states that every person charged with a crime is guaranteed a right to a fair trial. Specifically, the article entitles an accused to a "speedy, public and impartial trial in the parish where the offense or an element of the offense occurred...." (Emphasis added).
The venue provisions for criminal cases are contained in LSA-C.Cr.P. art. 611, et seq. Article 611 provides in pertinent part:
All trials shall take place in the parish where the offense has been committed, unless the venue is changed. If acts constituting an offense or if the elements of an offense occurred in more than one place... the offense is deemed to have been committed in any parish in this state in which any such act or element occurred.
Since venue is jurisdictional in criminal cases, a valid conviction can only be obtained in a court of proper venue. Accordingly, if none of the elements of simple burglary occurred in Caddo Parish, the predicate burglary conviction is invalid. La. Const. art. 1, § 16; LSA-C.Cr.P. art. 611.
A predicate conviction obtained in derogation of a defendant's constitutional rights may not be used as the basis for finding the defendant guilty as a second offender. *854 State v. Tharpe, 459 So.2d 44 (La. App. 2d Cir.1984).
We observe that the elements of simple burglary and the acts constituting those elements do not seem to lend themselves to constitute a continuing offense. Simple burglary is defined in LSA-R.S. 14:62 as the "unauthorized entering of any dwelling ... or other structure ... with the intent to commit a felony or any theft therein...." Thus the offense is completed upon the entry of a structure, coupled with the intent to commit a theft or felony therein. See State v. Oliney, 430 So.2d 1294 (La.App. 1st Cir. 1983).
Apparently, items taken in the burglary were recovered in Vivian, Louisiana. We are reminded that the previous legal presumption that a defendant found in possession of property recently stolen in a burglary is presumed to have committed the burglary has been held unconstitutional. State v. Bergeron, 371 So.2d 1309 (La.1979).
In this case, it appears that all of the elements of the predicate simple burglary occurred in Bossier Parish. The record indicates that Brown burglarized a residence in Plain Dealing, Louisiana. While Plain Dealing is located in Bossier Parish, it is within several miles of the Bossier-Caddo Parish line. However, we have no knowledge as to where in Plain Dealing the burglarized residence is located. This residence may be a rural one west of Plain Dealing. We are aware that the Red River has changed courses in several places on several occasions since the boundary between Caddo and Bossier parishes was established as the river bed in 1838. For example, a number of locations in the city of Shreveport are in Bossier Parish. Therefore, it occurs to us that, while unlikely, it may be possible that the offense occurred in Caddo Parish.
In opposition to Brown's arguments, the state asserts, as the trial court found, that the three-year period during which an application for post-conviction relief may be filed has passed. LSA-C.Cr.P. art. 930.8. Accordingly, the state asserts Brown's objection to jurisdiction was raised too late. However, in this instance, the state seeks to use what may be an unconstitutionally-obtained conviction as a predicate offense. As we have already noted, since a conviction in the wrong venue is constitutionally infirm, it may not be used as a predicate offense. Thus, the state's contention that Brown's objection was not timely is without merit.
For the foregoing reasons, we conditionally vacate the sentence of Brown on count one of forcible rape, and remand this case to the trial court for a hearing, within a reasonable time, to determine if the Caddo District Court was an appropriate venue for the predicate burglary conviction. If it is determined that the Caddo District Court venue was correct, the record shall be supplemented accordingly and appellant may then be granted an appeal of that determination. If it is determined that the Caddo District Court was not an appropriate venue, the trial court is ordered to set aside the 1983 simple burglary conviction and to resentence Brown on count one of the forcible rape conviction.
CONDITIONALLY VACATED AND REMANDED.