| iMARVIN, Chief Judge.
This appeal is a sequel to other appeals by Ranee Brown, each of which stems from the state using, as a predicate offense to enhance sentencing for later crimes, Brown’s plea of guilty to simple burglary in 1983 in the First Judicial District Court in Caddo Parish. See State ex rel. Brown v. Bolin, 575 So.2d 382 (La.1991); State v. Brown, 602 So.2d 252 (La.App. 2d Cir.1992), 626 So.2d 851 (La. App. 2d Cir.1993).
In the 1993 appeal Brown complained of the state using the 1983 conviction as a predicate offense to enhance his sentence after he had pleaded guilty to forcible rape. In 1993 this court was concerned with the statement of facts given by the state at the guilty plea Boykinization to establish all elements of the crime of simple burglary. With other elements of the crime, the Boykin statement, to which Brown agreed, established that
on September 10, 1982, the residence of J.J. Douglas on Dogwood Drive in Plain *931 Dealing, Louisiana, was burglarized ... that the Plain Dealing Sheriffs department (sic) arrested two of the co-defendants near the residence of ... Douglas in Plain Dealing, Louisiana, and ... both co-defendants did confess they had burglarized the residence along with Ranee Brown ... [and] the items [stolen in the burglary] were recovered from the residence of [the co-defendant] ... in Gilliam, Louisiana ... [0]n September the 12th, ... Brown turned himself in to the Vivian substation in Vivian, Louisiana, and did admit burglarizing the resident of J.J. Douglas, which was not (sic) being used as his place of abode.... [Brown] was arrested on those facts.
Noting the geographical discrepancy (Plain Dealing being a Bossier Parish municipality and Vivian and Gilliam being Caddo Parish municipalities), this court in the 1993 appeal said:
... [It] appears that all of the elements of the predicate simple burglary occurred in Bossier Parish ... [W]hile unlikely, it may be possible that the offense occurred in Caddo Parish.... As we havej^already noted, since a conviction in the wrong venue is constitutionally infirm, it may not be used as a predicate offense....
626 So.2d at 854.
We conditionally vacated the sentence there appealed in 1993 and remanded to the trial court ... to determine if the Caddo District Court was an appropriate venue for the predicate burglary conviction saying,
If it is determined that ... venue was correct, the record shall be supplemented ... and appellant may then ... appeal ... If it is determined that ... Caddo ... was not an appropriate venue, the trial court is ordered to set aside the 1983 simple burglary conviction and to resentence Brown on count one of the forcible rape conviction. Id.
We now observe that the 1983 bill of information, which is in the appellate record after remand, did not charge simple burglary under LRS 14:62, but charged simple burglary of an inhabited dwelling under LRS 14:62.2 in Plain Dealing, Louisiana. The 1983 bill reads:
Ranee Brown committed the offense of Simple Burglary Inhabited Dwelling as set forth in R.S. 14:62.2 in that he did with the intent to commit a theft therein, make an unauthorized entry of a house used in whole or in part as a house or place of abode by J.J. Douglas, Plain Dealing, Louisiana, contrary to the law of the State of Louisiana and against the peace and dignity of the same.[1]
The arguments in this appeal do not address the obvious further jurisdictional defect between the crime charged (LRS 14:62.2) and the crime to which Brown pleaded (LRS 14:62), whether simple burglary is a lesser included offense of the crime charged (a § 62.2 burglary), to which a plea of guilty may be entered without the necessity of amending the bill. See CCrP Arts. |3814, 815, 558, 487, and State v. Cook, 372 So.2d 1202 (La.1979), and State v. Gooden, 523 So.2d 283 (La.App. 2d Cir.1988), Sexton, J., dissenting, writ denied, and authorities cited in those cases.
Moreover, we note that while CCrP Art. 814 subd. 44.1 now names the § 62.2 burglary of an inhabited dwelling as a crime to which other crimes are made statutorily responsive, the three crimes listed as being statutorily responsive to a § 62.2 burglary are attempted burglary of an inhabited dwelling, unauthorized entry of an inhabited dwelling, and attempted unauthorized entry of an inhabited dwelling. The § 62 simple burglary is not a statutorily responsive crime to the § 62.2 burglary of an inhabited dwelling.
Even should we assume arguendo that the § 62 simple burglary is a lesser included crime to § 62.2 simple burglary of an inhabited dwelling to which a defendant may plead guilty without the necessity of an amendment to the bill, we must conclude that the record, after remand, does not allow the finding that Caddo Parish was the appropriate venue *932 (with geographical jurisdiction) of the burglary that was charged or to which Brown pleaded guilty in 1983. In the sense of either burglary, the charge is that “[Brown] did with the intent [etc....], make an unauthorized entry of a house used ... as a ... place of abode by J.J. Douglas, Plain Dealing, Louisiana, ...” The statement of facts by the state at the Boykin hearing in 1983 clearly establishes that Brown burglarized the “residence of J.J. Douglas ... in Plain Dealing, Louisiana ...”
The state attempted on remand to “cure” the obvious geographical defect with the testimony of the deputy sheriff who investigated the crime and 14arrested Brown. The deputy “knew” that J.J. Douglas’s farmhouse that was burglarized was in Gilliam in Caddo Parish. The deputy said that Brown’s code-fendants had been arrested first for another burglary in Plain Dealing in Bossier Parish, which led to his arresting Brown, who confessed to the Caddo deputy. The codefend-ants burglarized the Douglas farmhouse in Caddo Parish as well as one or more other structures in Bossier Parish. On these “facts” added to the record on remand, the state argues that Brown well knew he was pleading guilty to the burglary of the Douglas farmhouse located in Caddo Parish and was not prejudiced by the shortcomings of the prosecution in its paperwork or its Boy-kin statement.
The state specifically contends that the inclusion of the statement in the bill about Douglas’s home being in Plain Dealing is mere surplusage and may be disregarded as surplusage because there is no requirement that the address, town or city be alleged in the short form indictment, citing CCrP Arts. 469 and 486. In a similar vein the state also argues that the law does not require that the address or city of the structure burglarized be alleged in the short form indictment. CCrP Art. 465.
We cannot ignore, however, what is clearly stated in the bill of information and the Boykin statement establishing the factual elements of the crime. Both say the burglary occurred at the Douglas residence in Plain Dealing [Bossier Parish], Louisiana. The Boykin statement distinguishes other circumstances as occurring elsewhere than in Plain Dealing, e.g., in Gilliam [Caddo Parish], Louisiana (where the stolen items were recovered) |5and in Vivian [Caddo Parish], Louisiana (where Brown turned himself in and admitted burglarizing the Douglas residence).
An accused has a constitutional right to be informed of the nature and cause of the accusation against him. LSA-Const. Art. 1, § 13; State v. Potts, 554 So.2d 117 (La.App. 2d Cir.1989). The bill must contain all elements of the offense in sufficient particularity to enable the defendant to prepare for trial, to allow the court to determine the propriety of the evidence submitted at trial, to impose the correct punishment on a verdict of guilty, and to protect the defendant from double jeopardy, the subsequent prosecution for the same offense. State v. Comeaux, 408 So.2d 1099 (La.1981); State v. Shelton, 545 So.2d 1285 (La.App. 2d Cir. 1989), writ denied.
 Further, a guilty plea is not valid unless it is the intelligent and voluntary choice of the accused. Boykin, supra; State v. Halsell, 403 So.2d 688 (La.1981). A guilty plea is not an intelligent and voluntary plea when it is made by an accused laboring under a material mistake of fact. A court, when called upon to ascertain an- accused’s state of mind, has the responsibility and authority, notwithstanding a Boykin waiver of constitutional rights, to determine whether other factors present at the time of a Boykin guilty plea colloquy were sufficient to render the plea involuntary or unintelligent. The trial court should look beyond the Boykinization and all of the pertinent, relevant factors. Potts, supra.
In Potts, supra, the defendant moved to withdraw his guilty plea before sentencing, arguing that he entered the plea under the mistaken belief that he faced exposure to eight counts instead of two. The trial court denied the | emotion, stating that defendant was Boykinized at length and his guilty plea was intelligently made. This court found the bill of information in the Potts case internally inconsistent and stated that it could not be read to properly advise the defendant of the *933 exact number of charges against him. Potts, supra.
The bill of information in the present case fails to advise Brown properly of the nature and cause of the accusation against him. The inclusion of the allegation that the burglary occurred in Plain Dealing, although arguably unnecessary, could have led Brown to plead guilty based on a material misrepresentation of fact. Brown and his co-defendants apparently committed burglaries about the same time in Plain Dealing [Bossier Parish] and in Gilliam [Caddo Parish], Notwithstanding what the Caddo deputy testified on remand that he “knew” when he arrested Brown in 1992, and even assuming that Brown “knew” and confessed that he had committed a burglary in each parish, the record of the conviction (charge of the § 62.2 simple burglary of an inhabited dwelling and the plea of guilty in the Boykin transcript) clearly and unequivocally establishes that Brown pleaded guilty in Caddo Parish to the burglary occurring September 10, 1982, in Bossier Parish.
One purpose of the constitutional requirement that an indictment fairly inform an accused of the charge against him is to protect him against double jeopardy, further prosecution for the same crime. The inquiry under the double jeopardy standard is made by examining the pleadings and the evidence supporting the conviction in question, here the bill and the Boykin transcript. State v. Morris, 457 So.2d 119 (La.App. 2d Cir.1984).
The bill of information, suggesting the wrong venue in Bossier Parish, could have been cured either by amendment or by the Boykin statement, if amendment of the bill was not required. The jurisdictional defects) were not cured by the testimony on remand of the deputy sheriff who arrested Brown on September 12, 1982, nor by any admissions then made to the deputy by Brown. Brown was not fairly informed of the charge to which he pleaded guilty in Caddo Parish and logically could have been laboring under the mistaken belief that he was pleading guilty to a Bossier Parish burglary.
DECREE
We reverse the trial court’s ruling upholding Brown’s 1983 conviction of simple burglary as a predicate offense. As we did in the 1993 appeal, we again reverse the judgment adjudicating Brown as a second felony or habitual offender and remand with directions that the trial court resentence Brown on count one of the forcible rape conviction.
REVERSED, RENDERED AND REMANDED WITH DIRECTIONS.

. A short form or specific indictment form for charging simple burglary of an inhabited dwelling under LRS 14:62.2 has not been included in CCrP Art. 465. Either aggravated burglary or simple burglary may be charged by the short form bill of information.