680 So.2d 50 (1996)
STATE of Louisiana, Plaintiff-Respondent,
v.
Warren G. THIBODEAUX, Defendant-Relator.
No. K96-308.
Court of Appeal of Louisiana, Third Circuit.
May 31, 1996.
Roxie Goynes-Clark, Debra A. Rutledge, Baton Rouge, for Dept. of Public Safety/Corrections.
J. William Pucheu, Ville Platte, for D.A., 13th JDC.
Eric LaFleur, IDB, Ville Platte, for Defendant Applicant.
Before PETERS, AMY and GREMILLION, JJ.

ORDER

APPLICATION FOR REHEARING DENIED:
Application for rehearing is denied. The state has applied for a rehearing citing the venue provision for La.R.S. 15:544(B). The present case does not concern a violation of La.R.S. 15:542 which requires convicted sex offenders residing in Louisiana to register and give notice to neighbors and which provides punishment by imprisonment or a fine, or both for failure to comply. The defendant has not been charged with violating La.R.S. 15:542, and therefore the venue provision of La.R.S. 15:544(B) does not apply. This court previously ruled that the 13th Judicial District Court in Evangeline Parish lacked authority to rule upon the defendant's *51 motion for a temporary restraining order as it challenged a condition of defendant's parole. Venue for any action concerning parole shall be in the 19th Judicial District Court in East Baton Rouge Parish. La.R.S. 15:571.15, La.R.S. 15:574.2(B)(2) and La.R.S. 15:574.11(B); Richardson v. Louisiana Dept. of Public Safety and Corrections, 627 So.2d 635 (La.1993). Venue is jurisdictional in criminal matters, and the state's failure to object to the improper venue will not vest the 13th Judicial District Court with venue to act in this parole matter. See e.g., State ex rel. Johnson v. Louisiana Parole Bd., 587 So.2d 687 (La.1991).