768 So.2d 783 (2000)
STATE of Louisiana, Appellee,
v.
Jimmie Ray BURNETT, Appellant.
No. 33,739-KA.
Court of Appeal of Louisiana, Second Circuit.
October 4, 2000.
*786 Amy Ellender, Louisiana Appellate Project, Mer Rouge, Counsel for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Laura Wingate, Assistant District Attorney, Counsel for Appellee.
Before NORRIS, WILLIAMS and CARAWAY, JJ.
CARAWAY, J.
Defendant was charged by amended bill of information with one count of sexual battery, a violation of La. R.S. 14:43.1, and one count of oral sexual battery, a violation of La. R.S. 14:43.3. On April 14, 1999, the defendant pled guilty as charged. The trial court then adjudicated the defendant a fourth felony offender and sentenced the defendant as a fourth felony offender on the sexual battery conviction to life imprisonment at hard labor and on the oral sexual battery conviction to ten years imprisonment at hard labor. It was also ordered that defendant's sentences run concurrently, and that both sentences be served without benefit of probation, parole, or suspension of sentence.
Defendant appeals his convictions, adjudication as a habitual offender, and his sentences, urging five assignments of error; two assignments from a brief filed by his counsel, and three assignments from a supplemental, pro-se brief. For the following reasons, the defendant's convictions, adjudication as a fourth felony offender, and sentences are affirmed.

Facts
Defendant, Jimmie Ray Burnett ("Burnett"), was charged by amended bill of information with one count of sexual battery and one count of oral sexual battery. A jury trial began on April 13, 1999. During the state's presentation of evidence, Burnett decided to enter guilty pleas to both counts.
During Burnett's guilty plea hearing, the state gave an account of the facts constituting Burnett's crimes. On or about August 14, 1997, Burnett went to the home of the 12 year old victim, V.J. The defendant and V.J. left the home to go buy milk. The two stopped at several places, and Burnett eventually took the victim to a secluded wooded area inside the Caddo Parish limits. Burnett forced V.J. into the back seat of his vehicle and threatened to tie her down if she did not stop squirming. The defendant then violently slapped the victim on both sides of her face. Burnett touched the victim's genitals with his hand, touched her anus, and touched the victim's genitals with his mouth.
Burnett was 42 years old, and his victim was 12 years old at the time of the incident. All of these events occurred without the victim's consent, in Caddo Parish, Louisiana.

Discussion

Denial of Motion to Quash the Habitual Offender Bill of Information
By this assignment of error, Burnett contends that the state failed to present a prima facie case to the trial court establishing that his 1980 armed robbery plea was constitutionally valid.
On July 13, 1999, Burnett filed a motion to quash the state's fourth felony habitual *787 bill of information. Burnett argued that the state's evidence of a 1980 armed robbery conviction was inadequate and that the state was required to provide a transcript of the guilty plea. The defendant argued that the transcript was the best proof of an intelligent and voluntary plea according to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The trial court denied Burnett's motion.
La. R.S. 15:529.1(D)(1)(b) provides:
Except as otherwise provided in this Subsection, the district attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. The presumption of regularity of judgment shall be sufficient to meet the original burden of proof. If the person claims that any conviction or adjudication of delinquency alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the prosecutor. A person claiming that a conviction or adjudication of delinquency alleged in the information was obtained in violation of the Constitutions of Louisiana or of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof, by a preponderance of the evidence, on any issue of fact raised by the response. Any challenge to a previous conviction or adjudication of delinquency which is not made before sentence is imposed may not thereafter be raised to attack the sentence.
In State v. Shelton, 621 So.2d 769 (La. 1993), the Louisiana Supreme Court discussed the state's burden of proof in a habitual offender proceeding:
If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a "perfect" transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self incrimination, and his right to confront his accusers. If the State introduces anything less than a "perfect" transcript, for example, a guilty plea form, a minute entry, an "imperfect" transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boykin rights. (Footnotes omitted.)
To prove the existence of the 1980 armed robbery plea, the state introduced the following evidence: (1) The severed bill of information charging Jimmie Ray Burnett with committing the offense of armed robbery on or about April 2, 1980; (2) The certified minute entries showing that Jimmie Ray Burnett pled guilty on August 1, 1980 to the charge of armed robbery, that he was represented by counsel, and that "the Court informed the defendant of his Constitutional Rights as per Boykin v. Alabama;" and (3) Burnett's "pen pack" regarding the 1980 armed robbery conviction (exhibit S-2). Lieutenant Mark Rogers of the Shreveport Police Department was accepted as an expert in fingerprint identification analysis. Lieutenant Rogers fingerprinted Burnett in the courtroom during trial (exhibit S-1) and testified that the fingerprints on exhibit S-1 were made by the same person who made the fingerprints on the fingerprint card on exhibit S-2.
*788 Based upon the above offered evidence, we hold that the state met its burden of proving the existence of Burnett's 1980 guilty plea to armed robbery, and that Burnett was represented by counsel at the time of the plea. The burden then shifted to Burnett to produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of his 1980 plea. The defendant failed to produce any such evidence to meet his burden of proof as required by State v. Shelton, supra. The trial court correctly denied defendant's Motion to Quash the habitual offender bill of information. This assignment of error lacks merit.

Harsh and Excessive Sentence
Burnett next complains that his life sentence, although statutorily mandated, is unconstitutionally harsh and excessive.
The trial court adjudicated Burnett as a fourth felony offender based on the following convictions: (1) an armed robbery conviction on August 1, 1980; (2) a simple robbery conviction on October 4, 1991; (3) a simple robbery conviction on July 28, 1993; and (4) a sexual battery conviction on April 14, 1999. The trial court then sentenced Burnett as a fourth felony offender on the sexual battery conviction to life imprisonment without benefit of probation, parole, or suspension of sentence. Burnett filed a timely motion to reconsider sentence, which was subsequently denied by the trial court.
Pursuant to La. R.S. 15:529.1(A)(1)(c)(ii), Burnett's penalty exposure as a habitual offender is as follows:
(c) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:
(ii) If the fourth or subsequent felony or any of the prior felonies is a felony defined as a crime of violence under R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years or of any other crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
The trial court correctly noted that all of defendant's four felonies, including the charged offense, are crimes of violence. La. R.S. 14:2(13). Thus, under the sentencing requirements of La. R.S. 15:529.1(A)(1)(c)(ii), Burnett's life sentence without benefit was mandatory. Nevertheless, a sentence within statutorily authorized limits can be excessive. State v. Barnes, 28,835 (La.App.2d Cir.12/11/96), 685 So.2d 1148, writ denied, 97-0274 (La.10/10/97), 703 So.2d 602; State v. Freelon, 26,938 (La.App.2d Cir.5/10/95), 655 So.2d 687.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
The definition of criminal conduct and provisions of penalties for such conduct is a purely legislative function. State v. Norris, 32,941 (La.App.2d Cir.3/1/00), 754 So.2d 362, and citations *789 therein. Pursuant to this function, the legislature has enacted the habitual offender statute which has been held, on numerous occasions, to be constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672. Thus, the mandatory life sentence of La. R.S. 15:529.1 is presumptively constitutional. Id. To rebut the presumption, the defendant must show clearly and convincingly that he is exceptional, i.e., because of unusual circumstances, he is the victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, gravity of the offense, and circumstances of the case. Id. Although a mandatory sentence may be found constitutionally excessive, the courts have made it clear that such a finding should be rare, not commonplace. State v. Dorthey, supra.
This record does not show, clearly and convincingly, that the defendant is exceptional or the victim of the mandates of the habitual offender law. La. R.S. 15:529.1(A)(1)(b)(ii). Based on Burnett's violent criminal history and the facts of the present offense, the sentence imposed does not shock our sense of justice. Therefore, the defendant's sentences are not constitutionally excessive. We find no abuse of the trial court's vast discretion.

Improper Venue
In his supplemented pro-se brief, Burnett presents multiple assignments of error which center upon his claim that the charged offenses occurred across the state line from Caddo Parish in Texas. The information in the record regarding this claim is as follows: (i) the bill of information charges that the offenses occurred in Caddo Parish; (ii) testimony at the preliminary examination by the investigating officer indicated that the crime occurred on an oilfield road between Greenwood, Louisiana in Caddo Parish and Waskom, Texas; (iii) a motion to quash (which is not in the record) contesting venue and jurisdiction was apparently filed and then withdrawn by the defense before the date of trial; (iv) on the morning trial began, the state was prepared to present testimony concerning the Caddo Parish location of the offenses; nevertheless, counsel for defense stipulated that he was satisfied by the investigators' reports of the state and the defense that the offenses did, in fact, occur in Caddo Parish; and (v) the first witness presented by the state at trial before the entry of the guilty plea testified that the crimes occurred in Caddo Parish.
Despite the above, Burnett asserts that the venue issue left the trial court without jurisdiction, caused his guilty plea not to be knowingly and intelligently entered, and demonstrated ineffective assistance of counsel. For the same reasons, Burnett claims that the trial court improperly refused his motion to withdraw his plea before sentencing.
The threshold issue in these assignments of error is jurisdiction. La. Const. art. 1, § 16 states that an accused is entitled to a "speedy, public and impartial trial in the parish where the offense or an element of the offense occurred...." Venue is jurisdictional in criminal cases. State v. Brown, 626 So.2d 851 (La.App. 2d Cir.1993).
The venue provisions for criminal cases are contained in La.C.Cr.P. art. 611, et seq. La.C.Cr.P. art. 611 provides:
All trials shall take place in the parish where the offense has been committed, unless the venue is changed. If acts constituting an offense or if the elements of an offense occurred in more than one place, in or out of the parish or state, the offense is deemed to have been committed in any parish in this state in which any such act or element occurred.
La.C.Cr.P. art. 615 provides:
Improper venue shall be raised in advance of trial by motion to quash, and shall be tried by the judge alone. Venue shall not be considered an essential element to be proven by the state at trial, rather it shall be a jurisdictional matter to be proven by the state by a preponderance *790 of the evidence and decided by the court in advance of trial.
In a guilty plea setting, the plea "waives all defects prior to the plea except those jurisdictional defects which appear on the face of the pleadings and proceeding." State v. Allen, 263 La. 123, 267 So.2d 544 (1972). In this case, the alleged jurisdictional defect concerning venue does not appear on the face of the bill of information or other pleadings, and the crime was not shown to have been committed outside Caddo Parish in the testimony at any court proceeding. Therefore, under the above quoted articles, if Burnett felt that he was being charged for an offense that occurred in Texas, or that the state could not prove the venue of the alleged crime, he was required to raise the issue before trial by motion to quash. Since Burnett's attorney filed a motion to quash raising venue as an issue and then withdrew the motion, this court should not consider this assignment of error. State v. Gatch, 27,701 (La.App.2d Cir.2/28/96), 669 So.2d 676, writ denied, 96-0810 (La.9/20/96), 679 So.2d 429; State v. Amato, 96-0606 (La.App. 1st Cir.6/30/97), 698 So.2d 972, writs denied, 97-2626, 97-2644 (La.2/20/98), 709 So.2d 772; State v. Matthews, 632 So.2d 294 (La.App. 1st Cir. 1993); State v. James, 545 So.2d 560 (La. App. 4th Cir.), writ denied, 551 So.2d 618 (La.1989); State v. Thomas, 543 So.2d 540 (La.App. 4th Cir.), writ denied, 548 So.2d 1229 (La.1989). See also State v. McDermitt, 406 So.2d 195 (La.1981) (where the supreme court noted as untimely the defendant's argument that the state failed to prove venue) and State v. Crosby, 338 So.2d 584 (La.1976) (where the supreme court found no error where the defendant, in return for the agreement of the prosecution not to exhibit certain photographs to the jury, conceded that the offense occurred in the parish of the prosecution).
The present facts differ from this court's questioning of venue and jurisdiction in State v. Brown, supra. In Brown, the defendant was adjudicated a habitual offender and appealed that adjudication. On appeal, Brown challenged the jurisdiction of the court in which a predicate burglary conviction occurred. In the 1983 burglary conviction, defendant pled guilty in Caddo Parish. Nevertheless, in reviewing the record of the predicate offense, it was apparent on the face of the pleadings that the burglary was charged as having been committed in Plain Dealing, Louisiana, which lies in Bossier Parish.
In this case, the bill of information and the state's presentation of evidence prior to the guilty plea shows that, while the offenses occurred near Texas, the crimes were committed in Caddo Parish. Burnett's failure to contest the venue issue and his guilty plea amount to a waiver of any defense he might have raised regarding jurisdiction.

Withdrawal of Plea
Asserting his venue claim and a claim that his counsel was ineffective by failing to challenge the venue, Burnett filed a motion to withdraw his guilty plea in the trial court. He did not allege any facts which would support his claim that the offenses occurred in Texas. The trial court denied the pro se motion without an evidentiary hearing.
The trial court may permit a guilty plea to be withdrawn at any time prior to sentencing. La.C.Cr.P. art. 559(A). The clear language of article 559(A) provides that the withdrawal of a guilty plea is discretionary with the trial court. It is subject to reversal only if that discretion is abused or arbitrarily exercised. State v. Swafford, 30,651, 30,652 (La.App.2d Cir.6/24/98), 715 So.2d 104; State v. Bates, 29,252 (La.App.2d Cir.1/22/97), 711 So.2d 281; State v. Nicholas, 30,104 (La.App.2d Cir.12/10/97), 704 So.2d 930. A defendant has no absolute right to withdraw a guilty plea. State v. Bates, supra; State v. Essex, 618 So.2d 574 (La.App. 2d Cir.1993).
The entry of a guilty plea must be a free and voluntary choice. State *791 v. Galliano, 396 So.2d 1288 (La.1981); State v. Nicholas, supra. For a plea to be considered free and voluntary, the transcript must establish that the defendant was informed of and waived his right to a trial by jury, to confront his accusers and of his privilege against self-incrimination. State v. Nicholas, supra.
When ruling on a motion to withdraw a guilty plea, the trial court should look beyond the Boykin colloquy and consider all relevant factors. A court, when called upon to ascertain an accused's state of mind, has the power, notwithstanding a record waiver of constitutional rights, to determine whether other factors present at the time of the guilty plea, whether inside or outside of the plea colloquy record, were sufficient to render the plea involuntary or unintelligent. State v. Griffin, 535 So.2d 1143 (La.App. 2d Cir.1988).
Reasons supporting the withdrawal of a guilty plea would ordinarily include factors bearing on whether the guilty plea was voluntarily or intelligently made, such as a breach of a plea bargain, inducement, misleading advice of counsel, strength of the evidence of actual guilt or the like. A mere change of heart or mind by the defendant as to whether he made a good bargain would not ordinarily support allowing the withdrawal of a bargained guilty plea. State v. Griffin, supra.
Also, misunderstandings between the defendant and his defense counsel do not render a guilty plea involuntary. State v. Johnson, 95-626 (La.App. 3d Cir.12/13/95), 666 So.2d 1137, writ denied, 96-0156 (La.4/19/96), 671 So.2d 925. Bare allegations of improper representation by counsel and that a plea was induced by threats, promises and intimidation will not support the withdrawal of a guilty plea, especially when the record shows that the guilty plea was made voluntarily and with a full understanding of the nature of the charges as well as the consequences of the plea. State v. Helsley, 457 So.2d 707 (La. App. 2d Cir.1984). When a motion to withdraw a plea is made prior to sentencing, a court may hold an evidentiary hearing, but is not required to do so. State v. Greer, 572 So.2d 1166 (La.App. 1st Cir. 1990).
Burnett contends that the trial court should have conducted a contradictory hearing on his motion, because he specifically alleged that his attorney was ineffective and that the state did not prove venue. Burnett also argues that he was laboring under the mistaken view that the state had to prove venue before he could be taken to trial, and that his counsel could not waive venue by mere stipulation.
From our review of the Boykin colloquy and for the reasons set forth above concerning the issue of venue, we believe the trial court was not required to hold an evidentiary hearing on the venue issue before deciding on Burnett's motion to withdraw his plea. Burnett made no allegations in his motion to demonstrate that the offenses occurred in Texas and, more importantly, to somehow show that his plea was not knowingly and intelligently made because of his misunderstanding of the venue issue. The venue issue was clearly reviewed by Burnett's counsel, and on the day that trial began, the matter was discussed in open court with Burnett present. At that time, Burnett's counsel stated:
That's correct, Your Honor. I'm satisfied and willing to stipulate that the present offense did occur in Caddo Parish. The predecessor on this file, Mr. David Peterson, and I got together and resolved this issue with the respective investigators from our offices. And I'm satisfied that the alleged incident did in fact occur in Caddo Parish.
Accordingly, we hold that the trial court's denial of the motion to withdraw the plea without a hearing was not error.

Voluntariness of Guilty Plea
In his pro se brief to this court, Burnett assigns as error the trial court's failure to have advised him of the registration requirements for convicted sex offenders *792 pursuant to La. R.S. 15:543(A) and the failure to instruct him concerning the denial of good time eligibility under La. R.S. 15:537 and La.C.Cr.P. art. 890.1. During Burnett's plea colloquy, neither of these topics were discussed. Significantly, however, after the state's statement to the court regarding its intent to prosecute Burnett as a fourth felony offender, the trial court did advise and question Burnett as follows:
THE COURT: Do you understand that the State fully intends to multi bill you as a fourth felony offender? Do you understand that?
MR. BURNETT: Yes.
THE COURT: Do you further understand that the maximum sentence or the maximum exposure that you would have regarding the sentence would be a life sentence
MR. BURNETT: Yes.
In State v. Calhoun, 96-0786 (La.5/20/97), 694 So.2d 909, the supreme court held that the district court's failure to advise a defendant of the registration requirements for sex offenders before accepting his guilty plea is a factor that undercuts the voluntariness of the plea. The court did not reach the issue of whether the failure to timely notify a defendant of the registration requirements alone would require the district court to permit a guilty plea to be withdrawn. Id. at 914, note 6.
More recently, in State v. Guzman, 99-1753 (La.5/16/00), 769 So.2d 1158, the court considered violations of La.C.Cr.P. art. 556.1 involving the district court's failure in accepting a guilty plea to inform a defendant of the mandatory minimum sentence and of the penalties for subsequent offenses. Despite these violations and the mandatory language of Article 556.1, the court found that the harmless error provision of the code, Article 921, still applied. The court held:
There is no reason to find that the legislature did not intend for this article [Art. 921] to apply to the trial judge's failure to inform defendant Guzman of the mandatory minimum sentences or the enhanced penalties for subsequent offenses. The Court has never extended the core Boykin constitutional requirements to include advice with respect to sentencing.
Id. In applying the harmless error rule, the court further held that the focus in these guilty plea settings must be on whether the defendant's knowledge and comprehension of the full and correct information regarding penalties would have been likely to affect his willingness to plead guilty.
In this case, although Burnett was not advised of the sex offender registration requirements and of any impact of his plea upon good time benefits, he was advised of the state's intent to seek a life sentence for his multiple offender status. As set forth in La. R.S. 15:571.3 those inmates serving life sentences may receive credit for good time earned to be applied toward diminution of their sentences only if their life sentences might be commuted to a specific number of years. Similarly, the sex offender registration requirement could possibly apply to Burnett, but only upon commutation and his release from prison. Therefore, the good time and the sex offender registration considerations were not material in this case in view of Burnett's acknowledgment during his guilty plea of the possibility of a life sentence. In other words, with his willingness to plead guilty with the knowledge of the possibility of a life sentence, the failure to advise him of the speculative possibilities of future sex offender registration and good time penalties was harmless error.

Ineffective Assistance of Counsel
Burnett also contends that his counsel was ineffective for withdrawing his motion to quash the bill of information regarding the issue of jurisdiction. As a general rule, a claim of ineffective assistance of counsel is more properly raised in an application for post-conviction relief in *793 the trial court. This is because post-conviction relief creates the opportunity for a full evidentiary hearing under La.C.Cr.P. art. 930. State ex rel. Bailey v. City of West Monroe, 418 So.2d 570 (La.1982); State v. Green, 27,652 (La.App.2d Cir.1/24/96), 666 So.2d 1302, writ denied, 97-0504 (La.10/31/97), 703 So.2d 14. In this case, the record contains insufficient facts for this court to determine whether defense counsel was ineffective for withdrawing the motion to quash the bill of information or any of the other allegations made by the defendant. Burnett may raise this issue in the trial court by application for post-conviction relief.

Double Jeopardy
By this assignment of error, the defendant contends that his convictions for sexual battery and oral sexual battery violated his constitutional right against double jeopardy.
A person cannot twice be put in jeopardy for the same offense. U.S. Const. amend. V; La. Const. art. 1, § 15; La.C.Cr.P. art. 591; State v. Knowles, 392 So.2d 651 (La.1980). The test to determine if there are two offenses or one for purposes of double jeopardy is whether each offense requires proof of an additional fact not required by the other offense. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); State v. Goody, 448 So.2d 100 (La.1984). Louisiana uses the "same evidence" test:
If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial.
State v. Steele, 387 So.2d 1175 (La.1980); see also State v. Knowles, supra; State v. Coody, supra; State v. Robertson, 511 So.2d 1237 (La.App. 2d Cir.1987), writ denied, 516 So.2d 366 (La.1988). This test depends on the proof necessary for a conviction, not the evidence that is actually presented at trial. State v. Knowles, supra. The "same evidence" test does not preclude a prosecution for more than one offense for a defendant who "goes on a crime spree and violates more than one criminal statute within a short time span." State ex rel. Smith v. Phelps, 345 So.2d 446 (La.1977).
La. R.S. 14:43.1 defines sexual battery as follows:
A. Sexual battery is the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, where the offender acts without the consent of the victim, or where the other person has not yet attained fifteen years of age and is at least three years younger than the offender:
(1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or
(2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.
On the other hand, La. R.S. 14:43.3 defines oral sexual battery as follows:
A. Oral sexual battery is the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, when the offender either compels the other person to submit by placing the person in fear of receiving bodily harm, or when the other person has not yet attained fifteen years of age and is at least three years younger than the offender:
(1) The touching of the anus or genitals of the victim by the offender using the mouth or tongue of the offender; or
(2) The touching of the anus or genitals of the offender by the victim using the mouth or tongue of the victim.
We find that under these facts, Burnett's constitutional rights against double *794 jeopardy were not violated. Burnett was not put in jeopardy for the same offense twice. He violated two criminal statutes within a short period of time. Burnett touched the victim's genitals and anus with his hands, thereby committing the offense of sexual battery. He then touched the victim's genitals with his mouth, thereby committing the offense of oral sexual battery. Burnett performed two distinct acts. The same conduct did not constitute the basis for each charge. As such, Burnett committed two distinct crimes against the victim within a short period of time. Accordingly, defendant received concurrent sentences for these two separate crimes as directed by La.C.Cr.P. art. 883.[1] This assignment likewise lacks merit.

Conclusion
Burnett's convictions, habitual offender adjudication, and sentences are hereby affirmed.
AFFIRMED.
NOTES
[1] La.C.Cr.P. art. 883 provides, in pertinent part:

If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively.