817 So.2d 470 (2002)
STATE of Louisiana
v.
Larry WILLIAMS.
No. 01-1511.
Court of Appeal of Louisiana, Third Circuit.
May 8, 2002.
*471 Van Hardin Kyzar, District Attorney, Natchitoches, LA, Don M. Burkett, District Attorney, Many, LA, Richard Zemry Johnson, Jr., Mansfield, LA, for Appellee State of Louisiana.
Wilson Rambo, Monroe, LA, for Defendant/Appellant Larry Williams.
Court composed of MARC T. AMY, MICHAEL G. SULLIVAN and GLENN B. GREMILLION, Judges.
AMY, Judge.
The defendant was convicted of possession of a controlled dangerous substance with intent to distribute. Subsequently, the defendant was determined to be a habitual offender, second offense, and was sentenced pursuant to La.R.S. 15:529.1. The defendant now appeals, arguing that his sentence is excessive and that the trial judge failed to follow the sentencing guidelines as set forth in La.Code Crim.P. art. 894.1. For the following reasons, we remand the case to the Tenth Judicial District Court of Natchitoches Parish with instructions that it be returned to the Eleventh Judicial District Court of DeSoto Parish[1] for further proceedings.

Factual and Procedural Background
Larry Williams was arrested in DeSoto Parish, but the case, upon motion for change of venue, was transferred by order of the Eleventh Judicial District Court of DeSoto Parish on February 12, 1993 to Natchitoches Parish. Williams was convicted, in the Tenth Judicial District Court of Natchitoches Parish, of possession of a controlled dangerous substance with the intent to distribute. On October 8, 1993, a habitual offender bill was filed in the Tenth Judicial District Court of Natchitoches Parish. Subsequently, on March 2, 1994, the Eleventh Judicial District Court of DeSoto Parish sentenced the defendant to ten years at hard labor. However, at the sentencing hearing in DeSoto Parish, the State raised the issue of the habitual offender bill which alleged that Williams was a third felony offender, having previously pled guilty to aggravated battery and distribution of marijuana on February 25, 1986 and second offense possession of marijuana on February 22, 1988. On August 1, 1994, after being adjudicated a habitual offender in DeSoto Parish, pursuant to La.R.S. 15:529.1, a hearing was held at which the defendant was sentenced to twenty years at hard labor without the benefit of probation or suspension of sentence by the district court in DeSoto Parish. Accordingly, the original sentence of ten years was vacated. On September 26, 1994, the district court in Natchitoches Parish, on its own motion, returned the case to DeSoto Parish, the court of original jurisdiction.
Signed on May 3, 2001, the United States District Court, Western District of Louisiana, Alexandria Division, granted a habeas corpus application filed by the defendant in that court. The United States District Court ordered the defendant "discharged from custody unless the State of Louisiana returns him to the Eleventh Judicial Circuit Court, DeSoto Parish, Louisiana for resentencing within sixty days of this court's judgment." In the reasons for ruling, the judge stated:
IV.

*472 Williams' 1986 convictions could not both be counted toward multiple offender status, at least without a demonstration that the two crimes were unrelated. Williams' 1993 conviction specifically was not used to support multiple offender sentencing. The district attorney could not retroactively change the basis for Williams' sentence by stating the government really meant to use a different group of convictions; to allow this would deny Williams the opportunity to challenge the 1993 conviction's use against him.
On June 27, 2001, Williams was resentenced by the Tenth Judicial District Court of Natchitoches Parish. As stated above, the district court in Natchitoches Parish had previously transferred the case back to DeSoto Parish on September 26, 1994. Also, the Tenth Judicial District Court of Natchitoches Parish did not previously sentence the defendant, nor did that court adjudicate him a habitual offender. Again, these actions were taken in DeSoto Parish. Thus, Natchitoches Parish did not continue to have jurisdiction, pursuant to the original February 1993 order to transfer, at the time of the resentencing in June 2000. Nevertheless, the district judge in Natchitoches Parish stated that the defendant was before the court as a second offender, rather than a third offender and, subsequently, the defendant was sentenced by the district court in Natchitoches Parish to eighteen years at hard labor. Defense counsel objected to the sentence and orally moved for reconsideration of the sentence, which the trial court denied. Accordingly, the defense's oral motion for appeal to this Court was granted by the trial court in Natchitoches Parish.
Williams now appeals, arguing two points of error. First, Williams argues that his sentence is "unduly harsh and excessive." Next, Williams argues that the trial court failed to articulate the reasoning of the sentence as set forth in La.Code Crim.P. art. 894.1.

Discussion

Errors Patent
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for "error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." A review of the record reveals that there is one error patent. Specifically, the Natchitoches Parish trial court lacked jurisdiction in resentencing the defendant as a second offender.
La.Code Crim.P. art 611 provides, in part, "All trials shall take place in the parish where the offense has been committed, unless the venue is changed." Furthermore, "[v]enue is jurisdictional in criminal cases." State v. Burnett, 33,739, p. 7 (La.App. 2 Cir. 10/4/00); 768 So.2d 783, 789, writ denied, 00-3079 (La.11/2/01); 800 So.2d 864, citing State v. Brown, 626 So.2d 851 (La.App. 2 Cir.1993). Because venue is jurisdictional, the failure of a party to object to improper venue does not give jurisdiction to that venue to act. State v. Thibodeaux, 96-308 (La.App. 3 Cir. 5/31/96); 680 So.2d 50. Thus, a criminal matter must be brought in the proper venue in order for the courts to have the power and jurisdiction to act.
According to the record before us, not only was the defendant not sentenced or adjudicated a habitual offender in Natchitoches Parish, there was no order transferring the case from DeSoto Parish to Natchitoches Parish after the September 26, 1994 order returning the case from Natchitoches Parish to DeSoto Parish. The United States District Court ordered the case to be returned to DeSoto Parish for resentencing. However, the case was *473 sent, without an order of transfer, back to Natchitoches Parish. Because there was not a subsequent transfer order, after September 26, 1994, ordering the case returned to the Natchitoches Parish court from DeSoto Parish, and additionally because the Natchitoches Parish court did not sentence the defendant, we conclude that the Tenth Judicial District Court of Natchitoches Parish lacked jurisdiction to resentence the defendant. As the resentencing court lacked jurisdiction, we will not review the defendant's sentence for error.

DECREE
For the above reasons, we remand this case to the Tenth Judicial District Court of Natchitoches Parish with instructions to return the case to the Eleventh Judicial District Court of DeSoto Parish for further proceedings.
REMANDED WITH INSTRUCTIONS.
NOTES
[1] Pursuant to La.R.S. 13:312, DeSoto Parish is within the jurisdiction of the Louisiana Court of Appeal, Second Circuit, and thus, is outside of the jurisdiction of this court.